Grady E. WOOLDRIDGE, Appellant,

v.

The GROOS NATIONAL BANK, Appellee.

No. 6105.

Court of Civil Appeals of Texas, Waco.

July 24, 1980.

Rehearing Denied Aug. 21, 1980.

John T. Anderson, G. Michael Lawrence, Graves, Dougherty, Hearon, Moody & Garwood, Austin, for appellant.

William A. Jeffers, Jr., Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellee.

HALL, Justice.

The defendant, Grady E. Wooldridge, appeals from a summary judgment awarding the plaintiff, The Groos National Bank, recovery against him on a past due note in the principal sum of $73,681.97. Defendant is maker of the note and plaintiff Bank is payee. The note was executed on December 9, 1977, and it was due 120 days thereafter. Attorney's fees contracted for in the note were also awarded to Bank in the judgment, but they are supported by the parties' written stipulation and they are not the subject of complaint on this appeal.

To establish its right to the summary judgment, Bank had the burden of showing that no material fact issues existed in the case and that it was entitled to judgment as a matter of law. *Town North Nat. Bank v. Broaddus*, (Tex. 1978), 569 S.W.2d 489, 494.

Viewed alone, Bank's pleadings and motion and supporting proof, and the stipulation on attorney's fees, support the summary judgment. Defendant does not dispute that. His contentions on appeal are these:

1. The summary judgment evidence raised an issue of fact concerning his defense that consideration for the note failed.

2. An issue of fact was raised in the evidence concerning his defense that his execution of the note was induced by fraud.

3. The trial court erred in failing to consider his second amended original answer, or, if the court considered the answer, then it erred in granting the summary judgment because the answer was supported by defendant's affidavit and it raised the defense that the execution of the note was induced by fraud.

A detailed chronological listing of the proceedings in the trial court is necessary for an understanding of the parties' contentions.

Bank filed its original petition on June 21, 1978. Defendant filed his original answer, a general denial, on July 21, 1978. On September 20, 1978, Bank filed its motion for summary judgment. The motion was supported by the affidavit of Bank's assistant vice-president, Keith Paul Champagne, which incorporated an attached copy of the note.

On October 11, 1978, defendant filed his First Amended Original Answer, his Motion In Opposition To Summary Judgment, and his affidavit in support of the motion. The amended answer contained a general denial and the following special plea:

"Defendant would show by way of affirmative defense that the consideration for the promissory note upon which plaintiff seeks to recover has failed in whole. Defendant would show that prior to the execution of said promissory note, Plaintiff's Executive Vice-President M. W. Haun, agreed that Plaintiff would not declare said note due and payable until Defendant had first received full payment on two loans which defendant had previously made to Clinton Manges and Perry Horine. In consideration of this agreement, Defendant executed and delivered to Plaintiff the promissory note that is the subject matter of this action. Plaintiff breached its agreement by bringing suit on the note before Defendant received full payment on the loans.

"WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, Plaintiff take nothing by its action . . ." The allegations in defendant's Motion In Opposition To Summary Judgment were these:

"As shown by the pleadings herein and the affidavit submitted in support of this motion, there are genuine issues of material fact which preclude the granting of summary judgment in favor of Plaintiff. In its motion for summary judgment, Plaintiff states that it is entitled to judgment against Defendant as a matter of law because defendant has failed to establish a defense to Plaintiff's action on the promissory note sued upon herein. Defendant's First Amended Original Answer and the affidavit of Defendant Grady E. Wooldridge, attached hereto, indicate that there is an issue of material fact with respect to whether the consideration for said promissory note has failed in whole, thus relieving Defendant of his obligation to pay Plaintiff on the note.

"WHEREFORE, PREMISES CONSIDERED, Defendant Grady E. Wooldridge prays that this Court deny Plaintiff's motion for summary judgment."

Defendant's Affidavit attached to and filed in support of the Motion In Opposition To Summary Judgment set forth these facts:

"During 1976, I was engaged in the performance of certain construction work in Duval County, Texas, pursuant to a written contract with the Duval County Ranch Company. In September of 1976, the Duval County Ranch Company owed me, but was unable to pay, approximately $30,000.00 for construction work previously completed under the contract. At that time, I was informed by Perry Horine, an agent for both the Duval County Ranch Company and Clinton Manges, the controlling shareholder of the Groos National Bank, that Horine could make arrangements to obtain money from the Groos National Bank in an amount sufficient to satisfy my claim against the Duval County Ranch Company. Pursuant to this arrangement, the Groos National Bank would loan money to me in an amount sufficient to satisfy my claim against the Duval County Ranch Company, plus an additional amount for the personal use of Perry Horine and Clinton Manges. After the Groos National Bank had loaned the money to me, I was to loan the money to Perry Horine and Clinton Manges, who would then pay my claim against the Duval County Ranch Company and retain the balance of the loan proceeds for their personal use. When my loan at the Groos National Bank became due, Perry Horine or Clinton Manges would tender full payment to me on their loan, and this money would then be used to satisfy my obligation to the Groos National Bank.

"On or about September 27, 1976, M. W. Haun, the Executive Vice-President of the Groos National Bank, agreed to this arrangement and approved a loan to me in the amount of $69,000.00. Mr. Haun, who was fully aware that I would loan this money to Perry Horine and Clinton Manges, further agreed that the Groos National Bank would not declare its loan to me due and payable until Perry Horine or Clinton Manges had first tendered full payment to me on their loan. In reliance upon this agreement and in consideration thereof, I executed my promissory note to the Groos National Bank on September 27, 1976, in the principal amount of $69,000.00. A true and correct copy of said promissory note is attached hereto, marked Exhibit 'A', and incorporated herein by reference for all purposes. I would not have executed this promissory note to the Groos National Bank absent the bank's agreement that it would not declare this note due and payable until I had first received payment on my loan to Perry Horine and Clinton Manges.

"In March of 1977, the Duval County Ranch Company again owed me money for certain construction work which I had performed for the company. Perry Horine, who was at that time a director of the Groos National Bank, informed me that the Duval County Ranch Company

was unable to pay me for this work, but that arrangements could be made with the Groos National Bank for payment of my claim against the company. Under this arrangement, which was virtually identical to the transaction that took place in September of 1976, M. W. Haun approved a loan to me in the amount of $30,000.00. I was to loan this money to Perry Horine and Clinton Manges, who would then apply the loan proceeds to satisfy my claim against the Duval County Ranch Company. When my loan at the Groos National Bank became due and payable, Perry Horine or Clinton Manges would tender full payment to me on their loan, and this money would then be used to pay my loan at the Groos National Bank.

"Both Perry Horine and M. W. Haun agreed that the Groos National Bank would not declare its $30,000.00 loan to me due and payable until Clinton Manges or Perry Horine had first tendered full payment to me on their loan. In reliance upon this agreement and in consideration thereof, I executed my promissory note to the Groos National Bank on March 29, 1977, in the principal amount of $30,-000.00. A true and correct copy of said promissory note is attached hereto, marked Exhibit 'B', and incorporated herein by reference for all purposes. I would not have executed this promissory note to the Groos National Bank absent the bank's agreement that it would not declare this note due and payable until I had first received full payment on my loan to Perry Horine and Clinton Manges.

"The promissory notes dated September 27, 1976 and March 29, 1977, were renewed and extended on various occasions by the Groos National Bank with the approval of M. W. Haun. Each such renewal and extension was based upon the agreement between myself, Perry Horine and M. W. Haun that the Groos National Bank would not declare these notes due and payable until I had first received full payment on my loans to Perry Horine and Clinton Manges. The last renewal and extension was made on December 9, 1977, when the two promissory notes were combined into one note dated December 9, 1977, in the principal amount of $73,681.97, which note is the subject of Plaintiff's suit herein. The Groos National Bank has brought suit to collect this debt notwithstanding the fact that I have not yet received full payment on my loans to Perry Horine and Clinton Manges."

On October 20, 1978, after a hearing on the parties' motions, the court orally granted Bank's motion for summary judgment and made the following notation on the inside page of the file jacket of the case: "10/20/78. Motion for S/Judg—Granted. Order to come."

On November 13, 1978, Defendant filed his Motion For Leave To File Second Amended Original Answer And To Deny Plaintiff's Motion For Summary Judgment, in which he pleaded the following:

"This Court has the discretion to grant Defendant's motion under the express provisions of Rule 166–A(c), Texas Rules of Civil Procedure. The Second Amended Original Answer which is attached hereto does not plead any new facts that Plaintiff was not already well aware of. The facts recited in the affidavit of Grady E. Wooldridge, submitted in support of Defendant's Motion In Opposition To Summary Judgment, raise the issue of fraud as a defense to Plaintiff's action; consequently, the granting of this motion will not operate as a surprise to Plaintiff herein. The failure to grant this motion would deprive Defendant of the opportunity to present his defenses, and justice requires the granting of this motion.

"The Court has previously heard argument on Plaintiff's motion for summary judgment in this cause but no final judgment has been entered. Accordingly, this Court has discretion to take cognizance of the defendant's second amended original answer submitted herewith and to deny Plaintiff's motion for summary judgment. The amended answer attached hereto raises a genuine issue of disputed fact concerning the transaction in ques-

tion and accordingly the plaintiff's motion for summary judgment should be denied.

"WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court allow the filing of his second amended original answer and that the Court deny Plaintiff's motion for summary judgment."

In defendant's second amended original answer, attached to his motion for leave to file, defendant first pleaded a general denial and restated his defense of failure of consideration, and then he alleged the following:

"Without waiving the foregoing, Defendant would show by way of affirmative defense that the execution of the promissory note made the basis of this lawsuit was obtained through fraud and artifice on the part of Plaintiff herein. Defendant would show that in order to induce Defendant to execute said promissory note, Plaintiff's Executive Vice-President, M. W. Haun, represented and promised to Defendant that Plaintiff would not declare said note due and payable until Defendant had first received full payment on two loans which Defendant had previously made to Perry Horine and Clinton Manges. The representation and promise made by Plaintiff were false when made, and the promise was made with the intention of not fulfilling the same. The representation and promise made by Plaintiff were material in that Defendant would not have executed said promissory note had he known that the representation and promise made by Plaintiff were false when made. Defendant believed and relied upon the representation and promise made by Plaintiff and was induced thereby to execute the promissory note made the basis of this lawsuit.

"WHEREFORE, PREMISES CONSIDERED, Defendant Grady E. Wooldridge prays that upon final trial and hearing hereof, Plaintiff take nothing by its action and that Defendant go hence without day with his costs and for such other and further relief to which Defendant may show himself justly entitled."

On November 27, 1978, Bank filed its motion requesting the court to set a hearing on defendant's motion for leave to file his second amended answer, and for the court to also hear the issue of attorney's fees at that setting. The motion alleged in part as follows:

"On the 20th day of October, 1978, this Court heard the Plaintiff's Motion for Summary Judgment in the above numbered and styled cause, and after having considered the Plaintiff's motion, the pleadings and affidavits on file herein as well as the arguments of counsel, the Court granted a Summary Judgment on all issues in this proceeding except for the matter of reasonable attorney's fees.

"On or about November 10, 1978, Defendant filed a Motion for Leave to File Second Amended Original Answer and to Deny Plaintiff's Motion for Summary Judgment, as well as filing a Second Amended Original Answer.

"Plaintiff would show that the Motion and Second Amended Original Answer filed by Defendant are not timely, and that said Motion should be summarily overruled and the Second Amended Answer be stricken from the pleadings on file herein. . . . Plaintiff moves the Court to set a hearing not only on the Motion filed by Defendant, but also on the issue of reasonable attorney's fees for Plaintiff.

"WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant's Motion be set for hearing by the Court, simultaneously with a hearing on Plaintiff's claim for reasonable attorney's fees, and that on hearing and consideration thereof Defendant's Motion be in all things denied, that Defendant's Second Amended Original Answer be stricken, and that the Court make its findings as to reasonable attorney's fees for Plaintiff herein."

The motion was set for hearing on December 22, 1978.

After the motions were heard on December 22, 1978, the court made the following

notation on the inside page of the file jacket of the case: "12/22/78—Def's motion denied. $2750.00 atty's fees."

On December 22, 1978, the summary judgment in question was reduced to writing and signed by the court. The written judgment recites that Bank's motion for summary judgment was heard on October 20, 1978; that "the Court finds that there is no genuine issue of any material fact, that the claim of Plaintiff against Defendant is liquidated and founded upon an instrument in writing, and that Plaintiff is entitled to judgment as a matter of law"; and that it was adjudged that Bank recover $80,039.90 on the note, representing principal and accrued interest, and that Bank also recover attorney's fees as provided therein.

### Failure of Consideration Defense

"[T]he defense of failure of consideration presupposes that there was a consideration for the note in the first instance, but that it later failed. . . . A plea of want of consideration amounts to a contention that the note never became a valid obligation in the first instance." *National Bank of Commerce v. Williams*, 125 Tex. 619, 84 S.W.2d 691, 692 (1935).

To support his plea of failure of consideration defendant points to the testimony in his affidavit that Bank agreed, through M. W. Haun, its executive vice-president, and Perry Horine and Clinton Manges, its directors, that it would not declare the renewal note sued upon due and payable until Manges and Horine had repaid to defendant his loan to them of the proceeds of the note; that defendant executed the note in reliance on the agreement and in consideration thereof; and that defendant "has not yet received full payment" on his loans to Manges and Horine.

"[T]here is a distinction between a parol condition affecting delivery of a negotiable instrument and one affecting its payment. . . . [D]elivery upon a condition or for a special purpose only may always be shown as between the immediate parties. . . . On the other hand a parol condition or agreement relating to payment of a deliv-

ered instrument is not enforceable if it operates to add to, take from or vary the terms of the written agreement." *Kuper v. Schmidt*, 161 Tex. 189, 338 S.W.2d 948, 952 (1960).

 The note sued on in our case was dated December 9, 1977, and, in part, reads: "120 days after date, for value received, I, as principal, promise to pay to the order of the Groos National Bank, at its office in San Antonio, Texas, Seventy Three Thousand Six Hundred Eighty One and 97/100 Dollars . . ." The note called for the payment of a specific amount on a specific date. The parol agreement that the note would not be declared due and payable until defendant received payment of his loans to Manges and Horine clearly operates to add to, take from, and vary the terms of the note. An understanding of this nature may not be shown by extrinsic evidence as a defense to the note because it contradicts the unconditional promise expressed in the written instrument to pay on a fixed future date. *Kuper v. Schmidt*, supra. Such evidence is without probative force and cannot be considered. *Aetna Casualty & Surety Company v. Watson*, 476 S.W.2d 868, 869 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). Accordingly, there is no probative proof in our record raising an issue of fact on defendant's plea of failure of consideration.

### Fraudulent Inducement Defense And Second Amended Original Answer

The record does not clearly reflect whether, after the hearing on December 22, 1978, the court denied defendant's motion for leave to file his second amended original answer in which the defense of fraudulent inducement was pleaded for the first time in the case, or whether the court considered the amended answer, but denied defendant's motion to deny plaintiff's motion for summary judgment. Defendant asserts that under either view the court erred. He argues that his affidavit, which was on file throughout the proceedings, "clearly raised the issue of fraud in the inducement" thereby defeating plaintiff's right to the summa-

ry judgment and also supporting the filing of the amended answer. In support of those arguments, defendant cites the rule in *Womack v. Allstate Insurance Company*, 156 Tex. 467, 296 S.W.2d 233, 237 (1957), that "the trial court will normally look to the pleadings to determine the issues that may exist in the case, but when the depositions, admissions or affidavits disclose facts which show that an amendment to the pleadings of the opposite party will render the position of the moving party insupportable under the substantive law, it cannot be said that the latter has established his right to judgment as a matter of law. As stated in *Rossiter v. Vogel*, 2 Cir., 134 F.2d 908, 912, '. . . where facts appear in affidavits upon motion for a summary judgment which would justify an amendment of the pleadings, such amendment should not be prevented by the entry of a final judgment . . .' We hold, therefore, that when the affidavits or other summary judgment 'evidence' discloses facts which render the position of the moving party untenable, summary judgment should be denied regardless of defects which may exist in the pleadings of the opposite party." The rule in *Womack* was followed in *Insurance Company of North America v. Cash*, (Tex. 1972) 475 S.W.2d 912, 913.

Responding, Bank contends (1) that defendant's affidavit does not raise the issue of fraudulent inducement; (2) that in any event, defendant did not expressly present the fraud issue to the trial court within the requirements of Rule 166–A(c), Vernon's Tex.Rules Civ.Proc., prior to the hearing and judgment on Bank's motion; (3) that the 1978 amendments to Rule 166–A(c) abolished the rule in *Womack*, and (4) that the court did not abuse its discretion in denying defendant leave to file his second amended original answer because the answer was tendered subsequent to the oral pronouncement of judgment on the note.

We hold that defendant's affidavit raised the issue of fraudulent inducement, but we agree with Bank (1) that the issue was not expressly presented to the court prior to the hearing and judgment on Bank's motion; (2) that the rule in *Womack* is no longer

tenable; and (3) that the court's refusal to permit the filing of the second amended original answer was not an abuse of discretion.

In an action on a promissory note by a plaintiff who is not a holder in due course, parol evidence is admissible to show that the maker was induced ·by the fraudulent representations of the payee to sign the note. V.T.C.A., Bus. & C. § 3.306(2); *Town North Nat. Bank v. Broaddus*, (Tex. 1978) 569 S.W.2d 489, 491. However, "[T]he mere representation by a payee to the maker that the maker will not be liable on the note does not constitute fraud in the inducement so as to be an exception to the parol evidence rule. . . . [T]here [must] be a showing of some type of trickery, artifice, or device employed by the payee in addition to the showing that the payee represented to the maker he would not be liable on such note." *Broaddus*, supra, at 569 S.W.2d 492, 494.

In our case Bank asserts that defendant's affidavit raises only a representation to defendant that he will not be liable on the note until a condition occurs, not fraudulent inducement. We believe the affidavit shows more than the naked representation. The arrangement for the making of the note by defendant and for Bank's promise of forebearance was originally made by Bank's director and provided for extra funds in his pocket. The same arrangement, except for the extra money to the director, was again made by two of Bank's directors for the execution of a second note by defendant. Then, prior to the execution under the identical arrangement of the larger note sued on, the original smaller notes "were renewed and extended on various occasions by [Bank] . . . based upon the agreement." In other words, prior to the making of the note sued on Bank had engaged in a course of conduct which was calculated to deceive defendant into believing that the agreement would also be honored on the consolidation note. We hold the evidence is sufficient to raise the issue of fraudulent inducement of the note upon which this suit is based.

Prior to 1978, section (c) of Rule 166–A provided in parts pertinent to our case as follows:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Excepting the words "answers to interrogatories" which were added in 1971, that was the language of the rule when the Supreme Court rendered its decision in *Womack*, supra, requiring appellate consideration of unpleaded but proven defenses.

Effective January 1, 1978, the pertinent portions of section (c) were amended to read as follows:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law *on the issues as expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.*" (Emphasis added).

The Supreme Court's revision of section (c) was based in substantial measure on the recommendation of the Committee on the Administration of Justice of the State Bar of Texas. The full text of that recommendation is set forth in *City of Houston v. Clear Creek Basin Authority*, (Tex. 1979) 589 S.W.2d 671, 675, footnote 3. It provided in part as follows:

"If the moving party has by motion, pleading, depositions, answers to interrogatories, admissions on file, or affidavits relied upon by the moving party, if any, shown that there is no genuine issue for trial, and that the moving party is entitled to judgment as a matter of law, the adverse party may not rest upon the mere allegations or denials of his pleadings, but must define specifically in writing the issue or issues he contends are controverted or point out the defects in the movant's proof, and, if necessary to demonstrate a factual dispute, respond with facts from depositions, answers to interrogatories, admissions on file, [or] affidavits, if any, showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In *Clear Creek Basin Authority* case, supra, the Supreme Court discussed at length the need for and purpose of the rule change. It said:

"A comparison of section (c) of the rule as it existed before January 1, 1978, and as amended demonstrates the significance of the change in the mechanics of the summary judgment procedure. The new rule adopts the objectives of the Advisory Committee, but goes even further by precluding from consideration on appeal grounds not raised in the trial court in opposition to a summary judgment motion. The pre-1978 summary judgment rule had a chilling effect on the willingness of trial courts to utilize the intended benefits of the procedure. . . . The new rule attempts to encourage the trial court to utilize the summary judgment in appropriate cases.

. . . . .

"The word 'written' modifies not only the word 'motion,' but also the words 'answer' and 'other response.' The 'issues' required by the rule to be 'expressly presented' are those *pointed out* to the trial court in written motions, written answers or written responses to the motion. (Emphasis added).

. . . . .

"Thus, both the reasons for the summary judgment and the objections to it must be in writing and before the trial judge

at the hearing. The appellate court which must later decide whether the issue was *actually presented* to and considered by the trial judge will then be able to examine the transcript and make its determination. (Emphasis added).

. . . . .

"With the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to *avoid* movant's entitlement, such as those set out in rules 93 and 94, and he must present summary judgment proof when necessary to establish a fact issue. No longer must the movant negate all possible issues of law and fact that *could* be raised by the non-movant in the trial court but were not. See, e.g., . . . *Womack v. Allstate Ins. Co.*, 156 Tex. 467, 296 S.W.2d 233 (1957)."

■ It is clear from the foregoing discussion and interpretation by the Supreme Court of the 1978 amendment that the rule in *Womack* is no longer tenable, and that, in our case, the only defensive issue expressly raised and actually presented to the trial court by defendant when Bank's motion for summary judgment on the note was heard and judgment was rendered thereon was the defense of failure of consideration. At the time of the hearing and judgment, defendant had not pleaded fraudulent inducement. In his response to Bank's motion (his Motion In Opposition To Summary Judgment) he raised only the issue of failure of consideration in defense; and he referred, in the response, to his answer on file and to his affidavit "attached hereto" as pleading and raising a fact question only on that issue. Under the Supreme Court's decision in *Clear Creek Basin Authority*, supra, since the 1978 amendment to Rule 166–A(c), it is no longer the duty of the trial court or the appellate court to sift the summary judgment record to see if there are other issues of law or fact "that could be raised by the non-movant in the trial court but were not." In-

stead, they may now review the summary judgment record in the light of the issues expressly raised and actually presented to the trial court by the parties in their written motions and responses. See, also, *Combs v. Fantastic Homes, Inc.*, 584 S.W.2d 340 (Tex.Civ.App.—Dallas 1979) writ ref'd n.r.e., *per curiam*, (Tex. 1979) 596 S.W.2d 502.

Section (a) of Rule 166–A provides in part that "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages." Section (c) authorizes the filing of pleadings after the hearing on the motion for summary judgment "and before judgment with permission of the court." In our case, the court orally pronounced judgment granting Bank's motion immediately after the hearing on October 20, 1978. Twenty-four days later defendant filed his motion for leave to file his second amended original answer pleading for the first time his defense of fraudulent inducement.

■ Defendant's allegation in the motion that at the time of its filing "no final judgment has been entered," in the case was correct. However, at that time an interlocutory judgment on the issue of defendant's liability under the note for principal, interest and attorney's fees, expressly authorized under Rule 166–A(a), had been rendered in the case in Bank's favor. The only issue remaining was the *amount* of attorney's fees to be awarded to Bank. The fact that the judgment was orally pronounced did not affect its validity. A judgment is "rendered" when the court's decision upon the matter submitted to it for adjudication is officially announced either orally in open court or by memorandum filed with the clerk. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 292 (1953). The subsequent reduction of the oral pronouncement to writing signed by the court was a ministerial act of the court conforming to the requirements of Rule 306a, Vernon's Tex.Rules Civ.Proc. It did not change the date of rendition of judgment on the liability issue to the date of signing of the writ-

ten draft. Rule 306a, supra; *Knox v. Long,* supra; *Green v. Smart,* 333 S.W.2d 880, 885 (Tex.Civ.App.—Dallas 1960, no writ).

In the case before us, defendant sought to file an amended answer pleading the new fraud defense to his liability on the note after the issue of liability had been heard and adjudicated by the court. Rule 166–A(c) provides for the filing of pleadings after the hearing but only "before judgment." In any event, the facts set forth in defendant's affidavit which he asserts under *Womack* charged the trial court with knowledge of the defense of fraudulent inducement at the time of the hearing would also have given defendant that same knowledge. We hold the court did not abuse its discretion in denying defendant leave to file the amended answer after the hearing and judgment. *Boston Sea Party v. Argovitz,* 583 S.W.2d 465, 466 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Axcell v. Phillips,* 473 S.W.2d 554, 560 (Tex.Civ.App. —Houston [1st Dist.] 1971, writ ref'd n.r.e.; *Mason v. Mid-Continent Supply Company,* 374 S.W.2d 922, 927 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n.r.e.).

The judgment is affirmed.