COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-352-CV
  
  
VICTOR BASSETT AND 
MARK DREA                                     APPELLANTS
  
V.
  
AMERICAN NATIONAL 
BANK                                                    APPELLEE
  
  
------------
 
FROM THE 30TH 
DISTRICT COURT OF WICHITA COUNTY
 
------------
 
OPINION
 
------------
        In 
this case we must decide whether the trial court erred in granting summary 
judgment in favor of appellee American National Bank (ANB) as plaintiff in its 
suit to collect amounts due on a promissory note, and as defendant on 
appellants’ counterclaims for fraud and usury. Because we hold that a fact 
issue exists on appellants’ affirmative defenses of failure of consideration 
and conditional delivery, we reverse the summary judgment as to ANB’s claims 
regarding enforcement of the note and remand that part of the case to the trial 
court. But because we hold that summary judgment was proper as to appellants’ 
counterclaims, we affirm that part of the summary judgment.
Background Facts
        Appellants 
Victor Bassett and Mark Drea operate a chain of pizza restaurants. Sometime 
before August 2, 1999, they entered into negotiations with ANB to purchase a 
building owned by Robert Cook. Cook was in default on a loan from ANB that was 
secured by the building.
        Cook 
operated a fast food chicken restaurant in the building, but he did not own the 
land on which the building was situated. Instead, he leased the land from the 
owner of the adjacent shopping center. The lease specifically stated that the 
premises were to be used as a “Golden Fried Chicken Restaurant and not 
otherwise.” The lease also contained a provision prohibiting assignment 
without the landlord’s approval.
        On 
August 2, 1999, Bassett and Drea signed a promissory note and deed of trust with 
ANB. The deed of trust purported to secure payment of the note with Bassett and 
Drea’s ownership interest in Cook’s building and leasehold. However, Bassett 
and Drea never received any documents conveying any interest in the building or 
leasehold to them. ANB applied the Bassett and Drea loan proceeds to Cook’s 
debt with ANB.
        After 
executing the loan documents, Bassett and Drea learned that the shopping center 
owner refused to sign a lease agreement with them because their planned use of 
the building as a pizza restaurant would interfere with another tenant’s 
proposed pizza business. When Bassett and Drea informed ANB, ANB told them that 
they were nevertheless still liable for the full amount of the promissory note.
        Bassett 
and Drea never made any payments on the promissory note, and ANB eventually 
filed suit to recover the full face amount of the note, plus interest and 
attorney’s fees. Bassett and Drea pled affirmative defenses of failure of 
consideration, conditional delivery, fraudulent inducement, and usury. They also 
counterclaimed for fraud and usury.
        ANB 
filed a motion for summary judgment on its collection suit, claiming that it had 
proven its entitlement to recovery of principal and interest on the promissory 
note as a matter of law. It also asked for summary judgment on Bassett and 
Drea’s counterclaims. Bassett and Drea filed a motion for partial summary 
judgment contending that they established their failure of consideration defense 
as a matter of law. The trial court denied Bassett and Drea’s motion and 
granted ANB’s motion as to all claims and parties, including Bassett and 
Drea’s counterclaims.
        After 
finding out during discovery that Bassett and Drea claimed no ownership interest 
in the building, ANB sold it to a third party for $75,000, claiming it had an 
obligation to mitigate its damages on the Bassett and Drea note. However, there 
is no evidence as to how ANB acquired title to the building. The trial court’s 
summary judgment reduces ANB’s recovery on the note by $75,000.
Standard of Review
        In 
a summary judgment case, the issue on appeal is whether the movant met his 
summary judgment burden by establishing that no genuine issue of material fact 
exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W. Elec. 
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. 
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The burden of 
proof is on the movant, and all doubts about the existence of a genuine issue of 
material fact are resolved against the movant. S.W. Elec. Power Co., 73 
S.W.3d at 215; Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 
1999); Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 
S.W.2d 41, 47 (Tex. 1965). Therefore, we must view the evidence and its 
reasonable inferences in the light most favorable to the nonmovant. Great Am., 
391 S.W.2d at 47.
        In 
deciding whether there is a material fact issue precluding summary judgment, all 
conflicts in the evidence are disregarded and the evidence favorable to the 
nonmovant is accepted as true. Rhone-Poulenc, 997 S.W.2d at 223; Harwell 
v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Evidence 
that favors the movant's position will not be considered unless it is 
uncontroverted. Great Am., 391 S.W.2d at 47. The summary judgment will be 
affirmed only if the record establishes that the movant has conclusively proved 
all essential elements of the movant’s cause of action or defense as a matter 
of law. Clear Creek Basin, 589 S.W.2d at 678.
        A 
defendant is entitled to summary judgment if the summary judgment evidence 
establishes, as a matter of law, that at least one element of a plaintiff’s 
cause of action cannot be established. Elliott-Williams Co. v. Diaz, 9 
S.W.3d 801, 803 (Tex. 1999). The defendant as movant must present summary 
judgment evidence that negates an element of the plaintiff’s claim. Centeq 
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). Once the defendant 
produces sufficient evidence to establish the right to summary judgment, the 
burden shifts to the plaintiff to come forward with competent controverting 
evidence raising a genuine issue of material fact with regard to the element 
challenged by the defendant. Id.
        When 
both parties move for summary judgment and the trial court grants one motion and 
denies the other, the reviewing court should review both parties’ summary 
judgment evidence and determine all questions presented. Dow Chem. Co. v. 
Bright, 89 S.W.3d 602, 605 (Tex. 2002). The reviewing court should render 
the judgment that the trial court should have rendered. Id. Generally, 
the nonmovant must expressly present to the trial court any reasons for avoiding 
the movant’s right to summary judgment. McConnell, 858 S.W.2d at 343. 
No response is necessary, however, when the movant’s summary judgment proof is 
legally insufficient. Rhone-Poulenc, 997 S.W.2d at 223; Clear Creek 
Basin, 589 S.W.2d at 678.
        A 
defendant relying on an affirmative defense in opposing a summary judgment must 
come forward with summary judgment evidence sufficient to raise an issue of 
material fact on each element of the defense. Parker v. Dodge, 98 S.W.3d 
297, 301 (Tex. App.—Houston [1st Dist.] 2003, no pet.). But a defendant 
seeking summary judgment on an affirmative defense is entitled to summary 
judgment only if the defendant conclusively proves all the elements of the 
affirmative defense. KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 
988 S.W.2d 746, 748 (Tex. 1999). To accomplish this, the defendant-movant must 
present summary judgment evidence that establishes each element of the 
affirmative defense as a matter of law. Ryland Group, Inc. v. Hood, 924 
S.W.2d 120, 121 (Tex. 1996).
Analysis
        In 
their first two issues, Bassett and Drea contend that the trial court erred in 
granting summary judgment because (1) they proved their affirmative defense of 
failure of consideration as a matter of law, or alternatively, they raised a 
fact issue on that affirmative defense and (2) they raised a fact issue on their 
defense of conditional delivery. In their third issue, Bassett and Drea claim 
that the trial court erred in granting ANB summary judgment on their 
counterclaim for usury.
Failure of consideration
        Failure 
of consideration occurs when, due to a supervening cause after an agreement has 
been reached, the promised performance fails. Parker, 98 S.W.3d at 301. 
“The defense of failure of consideration presupposes that there was a 
consideration for the note in the first instance, but that it later failed.” Wooldridge 
v. Groos Nat’l Bank, 603 S.W.2d 335, 341 (Tex. App.—Waco 1980, no writ) 
(quoting Nat’l Bank of Commerce v. Williams, 125 Tex. 619, 84 S.W.2d 
691, 692 (1935)). The defense of failure of consideration defeats summary 
judgment if the nonmovant presents evidence that it did not receive the 
consideration set forth in the agreement. Parker, 98 S.W.3d at 301.
        As 
summary judgment evidence, Bassett and Drea presented Bassett’s affidavit 
stating that
[o]n the date that [they] signed the loan documents, 
[they] received neither a check for the proceeds of the loan, as specified in 
the written payment directions prepared by ANB, nor any document which would 
convey to [them] an interest in the building and leasehold, nor have [they] 
received the proceeds of the loan or appropriate documents of conveyance since 
that date.
They also presented disbursement instructions for the 
loan funds dated August 2, 1999. One of the line items shows $110,000 as 
“Proceeds Paid Directly to Customer.” But the document does not define 
“Customer,” and Bassett and Drea are identified in the document only as 
“Borrower.”
        Also 
included in the summary judgment evidence are excerpts from the deposition of 
Johnny Clark, the bank officer who handled the transaction for ANB. Clark 
testified that he did not know if Bassett and Drea received a check for $110,000 
that was then credited to Cook or if the $110,000 was simply credited to Cook as 
a ledger transaction, without any payment being made directly to Bassett and 
Drea. But in an affidavit attached to ANB’s summary judgment motion, Clark 
stated, “Upon execution of the note, the proceeds were distributed to the 
borrowers and immediately applied to the outstanding $110,000 debt of . . . 
Cook.”
        The 
promissory note states that “[f]or value received, Borrower [defined as 
Bassett and Drea] promises to pay to the order of Lender” $110,000. 
Bassett’s affidavit testimony that he and Drea did not receive payment of the 
$110,000 as stated in the promissory note is sufficient to raise a fact issue on 
the affirmative defense of failure of consideration. See Wilson & Wilson 
Tax Servs., Inc., v. Mohammed, 131 S.W.3d 231, 242 (Tex. App.—Houston 
[14th Dist.] 2004, no pet.). However, because ANB presented evidence that the 
loan proceeds were first “distributed to the borrowers,” Bassett and Drea 
did not conclusively prove their affirmative defense as a matter of law.
        ANB 
contends that Bassett and Drea knew and agreed that the loan proceeds would be 
used to pay off Cook’s loan and would not be paid directly to Bassett and 
Drea. As summary judgment evidence, ANB attached excerpts from Bassett’s and 
Drea’s depositions, in which both admitted that their understanding of the 
transaction was that the loan proceeds would be used to pay off Cook’s note. 
Bassett and Drea contend that ANB’s evidence only tells half the story; the 
full story is that they understood Cook’s loan would be paid off so that they 
could obtain his title to the building and an assignment of the lease.
        None 
of this evidence may be considered, however, in connection with Bassett and 
Drea’s failure of consideration affirmative defense. In connection with that 
affirmative defense, parol evidence may not be considered to show that the 
consideration is anything other than what is set forth in the agreement. See 
Tex. Bus. & Com. Code Ann. § 
26.02(c) (Vernon 2002); Wooldridge, 603 S.W.2d at 341; Aetna Cas. 
& Surety Co. v. Watson, 476 S.W.2d 868, 869 (Tex. Civ. App.—Houston 
[1st Dist.] 1972, no writ). We have already determined that Bassett and Drea 
presented evidence raising a fact issue as to whether they received the 
consideration actually recited in the note.
        We 
sustain Bassett and Drea’s first issue to the extent that it contends they 
raised a fact issue on their affirmative defense of failure of consideration but 
overrule it to the extent they contend that they proved the affirmative defense 
as a matter of law.
Conditional Delivery
        Bassett 
and Drea further contend that they raised a fact issue on their affirmative 
defense of conditional delivery. They contend that the parties agreed the note 
would not be effective unless and until they received ownership of the building 
and an assignment of Cook’s leasehold interest. Conditional delivery, or 
delivery for a special purpose, is a valid defense to a suit for collection of a 
promissory note. Akin v. Dahl, 661 S.W.2d 914, 916 (Tex. 1983). Parol 
evidence may be introduced to show that a note is not enforceable because the 
special purpose for, or condition upon, which it was delivered did not occur. Id. 
But parol evidence may not be introduced to vary the terms of the note. Id. 
Whether a note was delivered conditionally or for a special purpose is a 
question of the intent of the parties. Northrup v. First Nat’l Bank in 
Canyon, 467 S.W.2d 666, 667 (Tex. Civ. App.—Amarillo 1971, writ ref’d 
n.r.e.).
        ANB 
contends that Bassett and Drea are prohibited from introducing evidence of 
conditional delivery by business and commerce code section 26.02(c). Tex. Bus. & Com. Code Ann. § 
26.02(c). But that section is merely a codification of the parol evidence rule 
with respect to promissory notes over $50,000. Compare id. (providing 
that rights and obligations of parties to promissory note exceeding $50,000 are 
“determined solely from the written loan agreement, and any prior oral 
agreements between the parties are superseded by and merged into the loan 
agreement”) with Zipp Indus., Inc. v. Ranger Ins. Co., 39 S.W.3d 658, 
665 (Tex. App.—Amarillo 2001, no pet.) (stating that parol evidence rule “is 
a substantive rule of law which precludes the enforcement of inconsistent prior 
or contemporaneous agreements upon the execution of a valid integrated agreement 
with respect to a particular matter”). Because parol evidence may be 
introduced to show conditional delivery affecting enforceability of a promissory 
note, section 26.02 does not bar its admission.
        Here, 
Bassett and Drea contend that it was their understanding—and that Clark 
promised them—that the note would not become effective until the building had 
been conveyed to them and they obtained a leasehold interest in the underlying 
real property. The summary judgment evidence includes Bassett’s affidavit, in 
which he states that ANB knew that building was subject to a lease of the 
underlying real property and that the parties understood the loan transaction 
would not be effective unless Bassett and Drea could obtain a lease on the real 
property. In addition, the summary judgment evidence contains a copy of the deed 
of trust that Bassett and Drea signed on August 2, 1999. The security described 
in the deed of trust is “[a]ll of [Bassett and Drea’s] interest in and to the 
leasehold interest and building described on Exhibit ‘A’ attached hereto 
and made a part hereof.” [Emphasis added.] Thus, ANB’s deed of trust appears 
to contemplate that Bassett and Drea would obtain a leasehold interest in the 
real property if they had not already done so. Bassett and Drea’s summary 
judgment evidence is therefore sufficient to raise a fact issue on their 
affirmative defense of conditional delivery.
        Because 
Bassett and Drea raised a genuine issue of material fact on their affirmative 
defense of conditional delivery, we sustain their second issue.
Usury
        Bassett 
and Drea also contend that the summary judgment evidence raises a fact issue on 
their counterclaim that ANB is attempting to charge usurious interest. They 
claim that interest charged on loan amounts not actually advanced to the 
borrower is usurious. See First State Bank of Bedford v. Miller, 563 
S.W.2d 572, 575 (Tex. 1978). They do not claim that the note is usurious on its 
face.
        We 
hold that the trial court properly granted summary judgment on Bassett and 
Drea’s usury counterclaim. If Bassett and Drea prevail at trial on either of 
their affirmative defenses, the note will be unenforceable; thus, they will not 
be liable for any interest. If they lose on their affirmative defenses, then the 
fact finder will have impliedly rejected the theory that they did not receive 
the loan proceeds; therefore, their usury claim would also fail. We overrule 
Bassett and Drea’s third issue.
Conclusion
        Having 
determined that Bassett and Drea raised genuine issues of material fact on their 
affirmative defenses of failure of consideration and conditional delivery, we 
reverse the part of the summary judgment awarding ANB damages on its claim for 
enforcement of the promissory note and remand those claims for trial. Having 
determined that the trial court did not err in granting summary judgment on 
Bassett and Drea’s usury counterclaim, we affirm the portion of the summary 
judgment as to Bassett and Drea’s counterclaims.[1] 
  
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
   

PANEL A:   LIVINGSTON, 
DAUPHINOT, and MCCOY, JJ.
 
DELIVERED: August 24, 2004


NOTES
1.  Bassett and Drea did not 
challenge the summary judgment on their fraud counterclaim.