Irwin M. MEISLER, et al., Appellants,

v.

**BANKERS CAPITAL CORPORATION,**
**et al., Appellees.**

**No. C14–83–297CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 8, 1984.

Bertand C. Moser, Morley H. White, White, Freedman & Associates, Houston, for appellants.

Jerry L. Spence, Bracewell & Patterson, D. Bobbitt Noel, Vinson & Elkins, Houston, for appellees.

Before JUNELL, MURPHY and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

Appellant, a shareholder of a dissolved corporation, sued Appellees in an individual, rather than a representative, capacity. The trial court granted a summary judgment because of this deficiency in his pleadings. We reverse.

Appellant and Charles G. Shears entered into a tripartite loan agreement with Republic, Bankers and Alison Mortgage Investment Trust. Alison provided interim financing for an apartment project, and Republic was to provide permanent financing upon completion. Bankers was to grant the permanent loan for Republic. Republic was to inspect the project monthly and Alison was to inspect it before closing and at other times as it desired.

Appellant alleged that Alison inspected the project before closing and, finding no deviations from the plans and specifications, disbursed all interim financing. Republic did not inspect the project monthly but only after construction was completed. Alleging deviations from the plans and specifications, Republic refused to make the permanent loan without charging higher interest. The higher rate was agreed upon, but Appellant sued Republic and

Bankers alleging in his amended petition that Republic intentionally delayed approval of a sale of the complex for so long that an offer to purchase was revoked. Appellant claimed that Republic's failure to approve the sale caused him to default on a loan taken out to pay the increased interest rates. This lender then foreclosed on the collateral, the stock in the corporation that owned the apartment property. Republic then allegedly aided a sale of the complex at a lower price in a transaction from which Republic profited.

Bankers and Republic answered and later filed a Motion for Summary Judgment. They both pled a statute of limitation and alleged that the amended cause of action belonged to the corporation which owned the apartments to which the offer to purchase was made, and not to Meisler individually, who was a stockholder of the corporation. At no time did Bankers and Republic file a plea in abatement challenging Appellant's capacity to sue. Meisler attached an affidavit to his Response to the Motion for Summary Judgment. It claimed, for the first time, that he was a proper party because he was the successor in interest to the dissolved corporation, having purchased all of Shears's stock in the corporation. A supplemental affidavit further clarified the situation. Appellant never cured the deficiency by amending his pleadings. The trial court granted the Motion for Summary Judgment and denied the Appellant's Motion for New Trial.

■ In his first point of error, Appellant argues that the trial court erred in holding that a shareholder could not bring a cause of action on behalf of a corporation. This misstates the trial court's holding which actually was that he, individually, could not bring a suit on behalf of the corporation absent an allegation that he was suing in a representative capacity. Appellees correctly state the court's holding and respond that the court correctly granted the summary judgment because the pleadings did not establish Appellant's representative capacity.

Appellant's second point of error alleges Appellees waived their right to challenge his capacity to sue by not filing a verified pleading under TEX.R.CIV.P. 93(b). Appellees contend that they did not need to file a verified pleading under TEX.R.CIV.P. 93(b), denying Appellant's capacity to sue because Appellant did not initially seek recovery in a representative capacity. *See Brans v. Office Building Managers, Inc.,* 593 S.W.2d 414, 415 (Tex.Civ.App.—Dallas 1980, no writ). Appellees further claim that they did not need to file a verified pleading because Appellant's pleading, on its face, established that Appellant could not recover in the capacity in which he sued, citing *Rector v. Metropolitan Life Insurance Co.,* 506 S.W.2d 696 (Tex.Civ. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.).

Appellees have correctly stated the holdings of these cases, but they set forth rules to be applied to cases which had been tried on their merits. However, this appeal arose from a summary judgment. Different holdings govern the trial court when it deals with summary judgments. This appeal should be determined by summary judgment rules.

In *Womack v. Allstate Insurance Co.,* 156 Tex. 467, 296 S.W.2d 233 (1956), the court found that if the non-movant had pled that the movant waived its right to receive notice of a lawsuit (a point which must be affirmatively pled), the Motion for Summary Judgment would have been untenable. *Id.* 296 S.W.2d at 237. The supreme court clearly stated that the trial court's decision would have been affirmed had the appellee appealed after judgment was entered at the end of a trial on the merits. *Id.*

The 1978 amendment to TEX.R.CIV.P. 166–A limited the authority of a court to determine from its own search of the record whether the non-movant could have raised issues showing that the movant's position was untenable. Courts now are limited to considering a summary judgment "on the issues as expressly set out in the motion or in the answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on

appeal as grounds for reversal." *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Wooldridge v. Groos National Bank,* 603 S.W.2d 335 (Tex.Civ.App.—Waco 1980, no writ).

■ Although *Wooldridge* states that the "rule" of *Womack* is now untenable, that statement should apply to the extent that R. 166-A now limits courts to considering only written answers and responses to a Motion for Summary Judgment. The holding in *Womack* that summary judgment should not be granted if an amendment to the pleadings would render the movant's position insupportable still is valid. *See Winograd v. Clear Lake City Water Authority,* 654 S.W.2d 862 (Tex. App.—Houston [14th Dist.] 1983, no writ). Read together, these cases state that if a written motion, answer or other response indicates that an amendment to the non-movant's pleadings would render the movant's position insupportable, summary judgment is improper. *See Cottrell v. Carrillon Associates, Ltd.,* 646 S.W.2d 491 (Tex.App.—Houston [1st Dist.] 1982, no writ). *Cf. Alonzo v. Northern County Mutual Insurance Co.,* 561 S.W.2d 53 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.).

This rule has been applied often in situations where a Motion for Summary Judgment was based on deficient pleadings which could have been challenged by special exception. *See Massey v. Armco Steel Co.,* 652 S.W.2d 932 (Tex.1983); *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974); *Coakley v. Reising,* 436 S.W.2d 315 (Tex.1969); *Jacobs v. Cude,* 641 S.W.2d 258 (Tex.App.—Houston [14th Dist.] 1982, no writ); *Hines v. Bankers Life & Casualty Co.,* 572 S.W.2d 804 (Tex. Civ.App.—Houston [14th Dist.] 1978, no writ). Granting a summary judgment in that type of situation would allow the movant to circumvent the rules for special exceptions. *See Herring, supra.* There is no substantive difference between the case where special exceptions could be pled and where a plea in abatement could be entered so long as the deficiency could be cured by amendment.

■ The non-movant should not be denied his day in court simply because of procedural maneuvering. Summary judgment is a harsh remedy and will be granted only if the claim is patently unmeritorious. *Happy Cattle Feeders, Inc. v. First National Bank in Canyon,* 618 S.W.2d 424 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.). In *Bluebonnet Farms, Inc. v. Gibraltar Savings Ass'n,* 618 S.W.2d 81 (Tex. Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), the defendant, Gibraltar, did not file its plea in abatement until four years after suit was filed because "its defense of limitations would not [have been] good if it had apprised appellant of this complaint earlier." The court looked to the equities of the situation and, after noting that a dilatory plea may be waived, *id.* at 83, stated that Gibraltar's conduct was "in derogation of the purpose for the Texas Rules of Civil Procedure and the special purpose of a plea in abatement." *Id.* at 84. The court reversed the order granting summary judgment and remanded for new trial.

The facts in *Bluebonnet* are different from this case. In *Bluebonnet,* an improper party brought a suit which could have been brought by the proper party, while in our case a proper party sued but did not explain why he was a proper party. In both cases the defendant secured a summary judgment instead of filing a plea in abatement so as not to advise his opponent that he could make a simple amendment to the pleadings which would cure the deficiency.

■ The written pleadings and affidavits in our case clearly establish Appellant's relationship with the corporation and show that an amendment to Appellant's pleadings would have corrected the deficiency. The summary judgment should not have been granted. The trial court should not have ruled on the summary judgment until Appellees had filed a plea in abatement and Appellant had had a chance to amend his pleadings. *See Herring, supra.*

We reverse and remand.