**Michael and Juanita DOWLER, Appellants,**

v.

**DELTA INVESTMENT HOUSING, INC., et al., Appellees.**

No. 11–91–091–CV.

Court of Appeals of Texas, Eastland.

July 16, 1992.

Gregory P. Grajczyk, Edward L. Merritt, Harbour, Kenley, Boyland, Smith & Harris, Longview, for appellants.

Brian T. Morris, Winstead, Sechrest & Minick, Dallas, William C. Sparks, Law Offices of Sparks & Williams, Longview, D. Brent Lemon, Law Offices of Van Shaw, Dallas, for appellees.

OPINION

ARNOT, Justice.

This is an appeal from a summary judgment. Michael and Juanita Dowler purchased a mobile home from Delta Investment Housing, Inc. The home had been manufactured by Majestic Housing, a division of Commodore Home Systems, Inc. After the Dowlers complained, Commodore undertook corrective work to remedy certain defects. Alleging defects in the work-

manship, the Dowlers filed suit against Delta, Majestic, and Commodore for breach of warranty pursuant to TEX.BUS. & COM. CODE ANN. § 17.50(b)(1) (Vernon Supp.1992) (commonly called the Deceptive Trade Practices Act) as well as for violation of Section 17(d)[1] of the Texas Manufactured Housing Act, TEX.REV.CIV.STAT.ANN. art. 5221f (Vernon 1987 & Supp.1992). Claiming that the corrective work was improperly performed, the Dowlers also sued Foremost Insurance Company and Sentry Insurance, which were sureties on Commodore's bonds.

Delta, Commodore, Foremost, and Sentry filed a joint motion for summary judgment. In their motion, the movants alleged that there were no genuine issues of material fact. Urging that they were entitled to judgment as a matter of law, the movants asserted that: (1) the Dowlers' cause of action was barred by the statute of limitations; (2) the Dowlers had no standing to bring the cause of action; (3) the Dowlers had no damages; and (4) the movants' actions were not the producing cause of the Dowlers' alleged damages. The court granted the summary judgment, and the Dowlers appeal. We reverse and remand. We will address each of the movants' grounds for summary judgment.

When reviewing a summary judgment, this court will adhere to the following standards:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law;

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

TEX.R.CIV.P. 166a; *Goswami v. Metropolitan Savings and Loan Association*, 751 S.W.2d 487, 491 (Tex.1988); *Nixon v. Mr.*

*Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

On January 27, 1985, Delta sold and delivered the mobile home to the Dowlers. The Dowlers filed suit, within the appropriate time period, against the movants for breach of warranty pursuant to Section 17.50(b)(1) of the Business & Commerce Code. Specifically, the Dowlers complained of various defects in the construction of the mobile home as being breaches of the express warranty of freedom from defects in material and workmanship. In their second amended original petition, the Dowlers sought an alternative form of recovery alleging that, as a result of the movants' breach of warranty, they were forced to seek protection under Chapter 13 of the Bankruptcy law,[2] their credit was ruined, and they were financially unable to live in the home.

■ The movants do not deny that the Dowlers' original claim was filed within the two-year limitations period. TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987). Rather, the movants urge that, because the mobile home has been foreclosed, the Dowlers have lost their cause of action pursuant to TEX.BUS. & COM.CODE ANN. § 9.504(d) (Vernon 1991) which states:

When collateral is disposed of by a secured party after default, *the disposition transfers to a purchaser for value all of the debtor's rights therein*, discharges the security interest under which it is made and any security interest or lien subordinate thereto. (Emphasis added)

We know of no court ruling, the movants have directed us to none, and, further, we know of no reason why a subsequent foreclosure by the security interest owner would transfer to the purchaser any cause of action the debtor has against a manufacturer. Certainly, Section 9.504(d) does not. Section 9.504(d) refers to title, not to choses in action. The movants have not shown,

---

**1.** Subsequent to the filing of this suit, Section 17(d) was re-lettered 17(c).

**2.** 11 U.S.C.A. § 1301 et seq. (West 1979 & Supp. 1992).

as a matter of law, that the Dowlers' cause of action was barred by limitations.

In their second ground for summary judgment, the movants asserted that the Dowlers had no standing to sue. As a basis for this assertion, the movants urge that the Dowlers were discharged in bankruptcy.

■ As summary judgment proof, the Dowlers presented a letter from the trustee in bankruptcy advising the judge in this case that a plan had been confirmed, that the trustee was advised of the action, and that the trustee did not plan to intervene. 11 U.S.C.A. § 1327(b) (West 1979) provides: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." After confirmation, a debtor can manage his affairs without any further order of the court and without restriction on his activities except for any stipulations placed upon him by virtue of the plan. See *Alabama Fuel Sales Co., Inc. v. Newpark Resources, Inc.*, 45 B.R. 365 (Bankr.N.D.Ala.1985), and *Farm Credit Bank of Texas v. Snyder National Bank*, 802 S.W.2d 709 (Tex. App.—Eastland 1990, writ den'd), considering the comparable statute 11 U.S.C.A. § 1141(b) (West 1979).

■ The mere existence of a bankruptcy would certainly not deprive the Dowlers of standing; it would only stay the proceeding. Because evidence favorable to the non-movants will be taken as true and because every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor, there is evidence that the stay is no longer in effect. Furthermore, a summary judgment should not be based on a pleading deficiency that could be cured by amendment. *Meisler v. Bankers Capital Corporation*, 668 S.W.2d 828 (Tex.App.—Houston [14th Dist.] 1984), aff'd, 758 S.W.2d 878 (Tex.App.—Houston [14th Dist.] 1988). The movants have not shown, as a matter of law, that the Dowlers have no standing to sue.

■ The movants' third and fourth grounds are predicated upon the premise that the Dowlers' sole cause of action is for loss of their credit as a result of filing bankruptcy. In their third ground, the movants argued that, because their debts had been discharged by bankruptcy, the Dowlers had suffered no damages. In their fourth ground, the movants argued that, since the Dowlers voluntarily filed for bankruptcy, it was the Dowlers' own acts that caused their damages for loss of credit and that the Dowlers cannot prove that the movants' breach was a producing cause [3] of the Dowlers' injuries.

The movants' argument ignores the Dowlers' alternative pleading under the DTPA that, as a result of the breach of warranty, the Dowlers have suffered damages in diminution of property value. The Dowlers' second amended petition does not abandon this claim.

The Dowlers, in their petition, sought damages for loss of market value alleging the value of the mobile home to be $42,000 before the breach and $0.00 afterwards. In his deposition, Michael Dowler admitted that the mobile home, since it had been sold, had "some value." The movants assert, therefore, that the Dowlers suffered no damages. We disagree.

There is a fact question as to the amount of the damages. Simply because Dowler has contradicted his allegation of zero value after the breach with testimony of "some value" after the breach does not mean that there has not been a reduction in market value. If Dowler can prove his action, any diminution from $42,000 attributable to the breach is some damage. The movants have not shown, as a matter of law, that the Dowlers have no damages or can not prove the producing cause.

The judgment of the trial court is reversed, and the cause is remanded for trial on the merits.

---

3. "Producing cause" is defined as an efficient, exciting, or contributing cause which, in a natural sequence, produces the complained of injuries or damages. *MacDonald v. Texaco, Inc.*, 713 S.W.2d 203 (Tex.App.—Corpus Christi 1986, no writ).