**Juan Pablo CHAVEZ, Maria Raquel Chavez, Individually and as Next Friends of Juan Pablo Chavez, Jr., Francisco J. Chavez and Edna Chavez, Minors, Appellants,**

v.

**CITY OF SAN ANTONIO by and through CITY PUBLIC SERVICE BOARD OF SAN ANTONIO, Appellee.**

No. 04–99–00350–CV.

Court of Appeals of Texas, San Antonio.

March 22, 2000.

Rehearing Overruled April 19, 2000.

Larry Zinn, San Antonio, Abraham Moss, Corpus Christi, for Appellant.

Richard C. Danysh, Bracewell & Patterson, L.L.P., Judith R. Blakeway, Strasburger & Price, L.L.P., San Antonio, for Appellee.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

This is a personal injury case. The appellants sued the appellee, City Public Service Board of San Antonio (CPS), for damages Juan Pablo Chavez (Chavez) sustained when a tree limb he was trimming fell on a high voltage overhead power line. The trial court granted CPS's motion for summary judgment based on the indemnity provision in TEX. HEALTH & SAFETY CODE ANN. § 752.008 (Vernon 1992). Specifically, the trial court found the statute required Chavez to indemnify CPS for any damages arising out of his own conduct, and therefore, he was precluded from recovery. We affirm the summary judgment.

### Facts

Chavez volunteered to trim a tree, free of charge, for the mother of his friend, Mario Figueroa. Chavez was electrocuted and fell to the ground from a considerable height when the limb he cut fell onto a live high voltage overhead line. Prior to the work, Figueroa and his mother had called CPS several times; however, it is not clear whether they called to have the power cut off or to have CPS trim the tree. Chavez testified he did not know a limb would conduct electricity if it came into contact with the power line. Chavez rigged up a chain to prevent the limb from falling on the house but took no precautions to keep the limb from falling on the power line. Chavez believed CPS had been notified that work would be done sometime, but not specifically on the day he was there. The record is not clear whether Chavez ever told Mario Figueroa or Mrs. Figueroa what day he planned to do the trimming. Chavez brought his own tools and another friend to help him with the work.

### Summary Judgment

We review a summary judgment de novo. To prevail on summary judgment, the movant must show there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Property Management, Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether a disputed fact issue precludes summary judgment, we take evidence favorable to the nonmovant as true. *See Nixon*, 690 S.W.2d at 548–49. We indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984).

When a defendant moves for summary judgment, it must negate at least one element of the plaintiff's cause of action or conclusively establish an affirmative defense. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

When a defendant moves for summary judgment on an affirmative defense, the defendant must conclusively prove each element of the defense as a matter of law. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984). Once the movant establishes its right to summary judgment, the burden shifts to the nonmovant to present issues that preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Garcia v. John Hancock Variable Life Ins. Co.*, 859 S.W.2d 427, 430 (Tex.App.—San Antonio 1993, writ denied).

### Texas Health & Safety Code Ann. § 752.001, et seq.

Section 752.003 of the Texas Health and Safety Code provides that a party "responsible" for temporary work being performed near a high voltage overhead line must notify the operator of the line at least 48 hours before the work begins and make arrangements with the operator of the power line for its temporary de-energization. *See* Tex Health & Safety Code Ann. § 752.003(a),(b) (Vernon 1992). Unless the party responsible for the work provides for the power to be cut off as prescribed in § 752.003, the party, individually or acting through an agent or employee, may not perform any function or activity, if at any time it is possible the party may:

> (2) bring any part of a tool, equipment, machine, or material within six feet of a high voltage overhead line while performing the function or activity.

Tex. Health & Safety Code Ann. § 752.004(a)(2) (Vernon 1992).

If a violation of the statute results in physical or electrical contact with a high voltage overhead line, the party that committed the violation "is liable to the owner or operator of the line for all damages to the facilities and for all liability that the owner or operator incurs as a result of the

contact." *See* Tex. Health & Safety Code Ann. § 752.008 (Vernon 1992). Thus, if Chavez is a person "responsible" for the work and he violated the provisions of Tex. Health & Safety Code Ann. § 752.001, *et seq.*, he cannot recover from CPS.[1] *See Tull v. San Patricio Elec. Co-op., Inc.*, 564 S.W.2d 192, 195 (Tex.Civ.App.-Corpus Christi 1978, writ ref'd n.r.e.).

■ The policy behind Tex. Health & Safety Code Ann. § 752.001, *et seq.*, is to insure the safety of persons engaged in activities near high voltage lines. *See Ringo v. Gulf States Util. Co.*, 569 S.W.2d 31, 35 (Tex.Civ.App.-Beaumont 1978, writ ref'd n.r.e.). The purpose of the indemnification provision, § 752.008, is to place liability for losses resulting from noncompliance with the notification and safety provisions on the "person ... responsible" for having workers near a power line. *See Martinez v. Gulf States Util. Co.*, 864 S.W.2d 802, 805 (Tex.App.-Houston [14th Dist.] 1993, writ denied).

### Person "Responsible"

In his first issue, Chavez argues he was not a person responsible for the work under Tex. Health & Safety Code Ann. § 752.003. We disagree.

■ The Fifth Circuit Court of Appeals determined the statutory reference to the person or persons "responsible" focuses on the parties who "desire to temporarily carry on the work and who therefore exercise some degree of control over the work site." *See Hullum v. Skyhook Corp.*, 753 F.2d 1334, 1337 (5th Cir.1985) (interpreting Tex. Rev. Civ. Stat. art. 1436c (codified at Tex. Health & Safety Code Ann. § 752.001, *et seq.*)). The court looked at five factors: (1) knowledge of the specific proposed location of the work; (2) participation in deciding where the work needed to be performed; (3) presence at the worksite; (4) involvement after hiring a contractor to

perform services; and (5) ownership interest in the property where the work was conducted. *See Hullum*, 753 F.2d at 1337. Liability under the statute is focused on parties who exercise "some degree of control" over the work site because those parties have knowledge of where the work is to be done and, therefore, will most likely know whether or not the work will be performed near a power line. *See id.* This interpretation of the statute advances the Texas legislature's policy of worker safety and bolsters the deterrent impact of the statute on those parties who do exercise control over the work site. *See id.*

■ In the instant case, Chavez had knowledge of the specific proposed location of the work. He assumed responsibility for deciding how and when the work would be performed. He was present at the worksite and there is no evidence he was acting as an employee of Figueroa or was otherwise acting under Figueroa's direction. In light of this evidence, we hold Chavez was a person "responsible" for the work as contemplated by Tex Health & Safety Code Ann. § 752.003.

### Tex. Health & Safety Code Ann. § 752.004

In his second issue, Chavez argues the court erred in finding he violated Tex. Health & Safety Code Ann. § 752.004 because he brought material within six feet of the power line. Chavez contends he did not "bring" the limb within six feet of the line because it was already within six feet of the line when he began his work. We disagree.

■ "[I]n some circumstances, words, no matter how plain, will not be construed to cause a result the Legislature almost certainly could not have intended." *Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 135 (Tex.1994), *cited in City of Amarillo v. Martin*, 971 S.W.2d

---

1. Excluding Chavez, the remaining appellants do not claim they are independently entitled to recovery absent a derivative claim based on Chavez' injuries. Accordingly, our holding as to Chavez applies equally to all appellants.

426, 428 n. 1 (Tex.1998). Where an application of the plain language of a statute leads to absurd results, we will not force a literal interpretation. *See Fleming Foods of Tex., Inc. v. Rylander,* 6 S.W.3d 278, 283 (Tex.1999); *City of Amarillo,* 971 S.W.2d at 430; *Wende v. Board of Adjustment of City of San Antonio,* 2000 WL 1059643 *6 (Tex.App.-San Antonio 2000, n.p.h.).

■ It would be absurd to hold Chavez did not violate § 752.004 by performing work on a tree limb that was already within six feet of a power line, but find a violation occurs when a person whose work on a tree limb farther than six feet from a power line brings the limb within six feet of the line. The clear intent of the statutory scheme is to prevent persons from coming into contact, either directly or indirectly, with high voltage overhead lines. Chavez' interpretation of the statute would not advance that intent. We overrule Chavez' second issue.

### Tex. Health & Safety Code Ann. § 752.004–Constitutionality

In his third issue, Chavez argues the word "possible" renders Tex. Health & Safety Code Ann. § 752.004 unconstitutionally vague. We disagree.

■ In determining whether a state statute is unconstitutionally vague, we begin with a presumption of validity and place the burden on the party urging unconstitutionality. *See Sax v. Votteler,* 648 S.W.2d 661, 664 (Tex.1983); *Travelers Indem. Co. v. Fuller,* 892 S.W.2d 848, 850 (Tex.1995). Where no constitutionally protected right is concerned, the party challenging the statute must show its operation is unconstitutional as applied to him. The fact that it may be unconstitutional as to others is not sufficient. *See Schleuter v. City of Fort Worth,* 947 S.W.2d 920, 931–32 (Tex.App.-Fort Worth 1997, writ denied).

■ Most statutes "must deal with untold and unforeseen variations in factual situations." *Pennington v. Singleton,* 606 S.W.2d 682, 689 (Tex.1980). As a practical matter, the Legislature must be allowed some flexibility of language so long as the public can determine what conduct is prohibited. *See Pennington,* 606 S.W.2d at 689. Civil or regulatory statutes need only be reasonably certain. *See id.; Rooms With a View, Inc. v. Private National Mortgage Ass'n, Inc.,* 7 S.W.3d 840, 845 (Tex.App.-Austin 1999, pet. filed). "Statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language." *See Pennington,* 606 S.W.2d at 689, *quoting United States v. National Dairy Products Corp.,* 372 U.S. 29, 32, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963).

■ A reasonable reading of the statute reveals that persons and materials are prohibited within six feet of a high voltage overhead line unless prior arrangements have been made to de-energize the line. Chavez' conduct was clearly prohibited. Summary judgment was proper, not because Chavez might *possibly* have brought material within six feet of the line, but because he *did* so. *See Schleuter,* 947 S.W.2d at 931 ("A defendant cannot successfully challenge [a] statute for vagueness when it clearly applies to his conduct.") Chavez' third issue is overruled.

### Conclusion

Because Chavez was a person "responsible" for the work and he violated the provisions of the statute, Chavez is required to indemnify CPS for any damages it may incur as a result of his conduct. The indemnity provision effectively precludes the appellants' recovery; therefore, we affirm the judgment of the trial court.