**Paula GUILLORY, Appellant,**

v.

**SERVICE LIFE AND CASUALTY INSURANCE COMPANY,**
**Appellee.**

No. 09–01–036 CV.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 9, 2001.

Decided Aug. 30, 2001.

Daivd W. Starnes, Beaumont, for appellant.

Anthony Icenogle, DeLeon, Boggins & Icenogle, P.C., Austin, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from an order granting summary judgment in favor of appellee, Service Life and Casualty Insurance Company, (defendant below). Appellant initially brought suit raising causes of action under the Deceptive Trade Practices Act, negligence, breach of contract, and violation of the Texas Insurance Code. Appellant sought not only actual and exemplary damages, but also "the face amount of the credit life insurance policy, $21,430.80." The gist of appellant's factual allegations contained in her petition was that she and her father, Paul Isaac Colligan,[1] executed an application for credit life insurance in the course of the purchase of a vehicle; that Mr. Colligan listed various physical infirmities from which he was suffering at the time; that about six months later, Mr. Colligan died of pancreatic cancer which was diagnosed only three weeks before his death; that when appellant filed to collect the insurance proceeds on the vehicle so as to pay the balance owed, she was informed by appellee that the credit life application had been rejected because Mr. Colligan was not truthful on said application regarding his health status.

By verified amended answer, appellee raised the affirmative defense that appellant was not entitled to recover in the capacity in which she sued. TEX.R. CIV. P. 93(2). Thereafter, appellee filed a motion for summary judgment again contending appellant was not entitled to recover in the capacity in which she grounded her lawsuit. The entirety of the substance of appellee's motion for summary judgment is reproduced as follows:

Defendant is entitled to summary judgment because the Plaintiff, Paula Guillory, is not the insured or the beneficiary under the Policy. Therefore, Plaintiff lacks an essential element to any cause of action, the legal capacity to sue.

Under Texas law there are two bases for subrogation, the first is contractual and the second is equitable. There is no basis for contractual subrogation because Paula Guillory is neither the insured nor the beneficiary under the policy. The insured is Paul I. Colligan, the first beneficiary is GMAC, and the second beneficiary is the Estate of Paul I. Colligan. Likewise, there is no basis for equitable subrogation because Paula Guillory, as the Co–Buyer on the retail installment contract, is primarily liable for the debt to GMAC.

Also contained in its motion for summary judgment is a list of what appellee contends is the summary judgment evidence in the case. Appellee's list includes the following: (1) the affidavit of Barbara Marsh, authorized representative of Service Life and Casualty Insurance Company; (2) the Retail Installment Contract, attached to the affidavit of Barbara Marsh; and (3) the Credit Life Insurance Policy, attached to the affidavit of Barbara Marsh. We have scoured the record before us and are unable to locate the credit life insurance *policy*. Contained in the record are the *applications* that appellant and her father executed in an attempt to have a policy issued to them, but we find no written policy in the record. While the affida-

---

1. The last name of appellant's father is spelled "Calligan" and "Colligan" on various pleadings and documents throughout the record. Certain documents signed by appellant's father do not aid in determining which spelling is correct as the letter in question could be read as either an "a" or an "o." Because documents signed by him contain the typewritten spelling of his name as "Colligan," we will use this spelling in the opinion unless we are quoting from a pleading or other document containing the alternate spelling.

vit of Ms. Marsh indicates that a credit life policy was never issued because of alleged misrepresentations by Mr. Colligan regarding his health, appellee appears to abandon this defensive issue for summary judgment purposes. Indeed, appellee implies that its summary judgment motion is meritorious whether there was a policy in effect or not at the time of the filing of appellant's lawsuit.

We review summary judgments de novo. *Chavez v. City of San Antonio ex rel. City Pub. Serv. Bd. of San Antonio*, 21 S.W.3d 435, 438 (Tex.App.—San Antonio 2000, pet. denied). To prevail on summary judgment, the movant must show there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c). We indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). When a defendant moves for summary judgment on an affirmative defense, the defendant has the burden to conclusively establish that defense as a matter of law. *Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex.2000).

In the instant case, appellee incorrectly states that appellant "is not the insured" with regard to the credit life insurance application. However, on both applications contained in the record, appellant, Paula Guillory is designated as "joint co-debtor." Furthermore, under the portion of the applications entitled, "Statements of Insurability," the following averment is made by both appellant and her father:

I owe the above Creditor the above sum and for the security of payment of the debt I hereby apply for credit insurance in the amount indicated. I declare that the answers on this Application are true and complete. I also understand that my responses are the basis on which insurance requested by me may be issued.

Thereafter, both Paul Colligan and appellant answer questions as to age, employment status, and health status for the past ten years.

As a party to the credit life application, appellant has *capacity* to institute a lawsuit against the other party to the contract as *capacity* to sue involves the legal authority to act, *regardless of whether said party has a justiciable interest in the controversy. Nootsie Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex.1996). Regardless of whether appellant was a "third-party beneficiary," as she claims in her response, appellee had the burden to provide summary judgment proof that appellant lacked "capacity" as a matter of law. Indulging every reasonable inference in appellant's favor, as we must, had the credit life insurance been in effect at the time of Paul Colligan's death, we infer that the terms of the policy permitted the balance of the installment contract to be paid off, thus wiping out appellant's personal liability for the balance of the debt to GMAC. Furthermore, the record is silent as to what became of the $578.63 premium paid to appellee for the credit life insurance as indicated on the face of the GMAC retail installment contract.

In conclusion, we reiterate that the state of the record does not permit us, under the standards for reviewing summary judgments, to find appellee met its burden of proving its affirmative defense as a matter of law. We therefore reverse the trial court's order granting appellee's motion for summary judgment, and remand this cause to said court for further proceedings.

REVERSED AND REMANDED.

GAULTNEY, Justice, concurring and dissenting.

I concur only in the vacating of the summary judgment; I would vacate and remand the cause to permit an abatement to afford an opportunity to amend pleadings. I respectfully dissent in all other respects.

First, the lack of legal authority to sue is not an affirmative defense, if by affirmative defense the majority means that defendant has the burden of proof on the issue after a verified denial is filed. True, a verified denial of plaintiff's capacity to sue must be filed by defendant or the issue is waived; but the pleading requirement does not mean defendant has the burden of proof on the issue of plaintiff's legal authority to sue. If the denial of capacity to sue is pleaded by defendant and properly verified, as in this case, the issue is joined. *Freedman v. Briarcroft Property Owners, Inc.*, 776 S.W.2d 212, 215 (Tex. App.—Houston [14th Dist.] 1989, writ denied) (Filing of verified denial of "lack of capacity" places the issue before the trial court.). Plaintiff then has the burden to prove she has legal capacity to sue.[1] *See generally Coastal Liquids Transp., L.P. v. Harris County Appraisal Dist.*, 46 S.W.3d 880 (Tex.2001).

Secondly, the question before us is not whether appellee owes money; that issue will ultimately have to be determined on the merits between the proper parties.[2] The issue here is simply a question of who has legal authority to sue appellee to require payment of the life insurance proceeds. If owed, is the life insurance money to be paid to the designated beneficiaries or does appellant, a co-debtor on the purchase contract, have legal authority to sue for the policy proceeds in her individual capacity? Generally, the insured's estate may sue or be sued only in the name of the estate's legal representative. *See Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex.1975). Since appellant was not designated as a beneficiary on the insurance form, and has not shown that she represents the beneficiary estate, I believe she has not shown her legal authority to sue under the life insurance policy.

When it appears a plaintiff lacks legal authority to sue, I believe the appropriate procedure is to abate the case and afford the plaintiff an opportunity to amend her pleadings. *See Lighthouse Church of Cloverleaf v. Texas Bank*, 889 S.W.2d 595, 600 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *see also Meisler v. Bankers Capital Corp.*, 668 S.W.2d 828, 830 (Tex.App.—Houston [14th Dist.] 1984, no writ).[3] I

1. An affirmative defense is "one of confession and avoidance." *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex.1996). A sworn denial of plaintiff's legal capacity is not a confession of anything, but rather is a denial. I believe legal capacity is better viewed as an element of the plaintiff's case that is presumed unless a verified denial is filed. The verified denial places the burden on plaintiff to prove her legal authority to sue. I respectfully disagree with the majority's labeling the denial as an affirmative defense, and also with those courts that have assigned the same label to the verified denial of legal capacity. *See First Southern Trust Co. v. Szczepanik*, 880 S.W.2d 10, 15 (Tex.App.—Dallas 1993), *rev'd on other grounds*, 883 S.W.2d 648 (Tex.1994)

(referring to legal capacity as affirmative defense); *Martin v. First Republic Bank, Fort Worth, N.S.*, 799 S.W.2d 482, 488 (Tex.App.—Fort Worth 1990, writ denied) (calling lack of capacity an affirmative defense).

2. My working assumption is that a temporary policy was in effect at the time of the insured's death; the insurance application form indicates an "effective date" prior to the death.

3. But in *Coastal Liquids*, 46 S.W.3d 880, the Texas Supreme Court dealt with a capacity to sue issue presented to the trial court by summary judgment. The Court however did not

therefore believe the trial court. erred in granting a take-nothing summary judgment. I would reverse and remand with instructions to abate the lawsuit so that plaintiff will have the opportunity to amend her pleadings to show her legal authority, if any, to sue. If she cannot make such a showing after being given a reasonable time to do so, the case should be dismissed without prejudice.

appear to address directly the generally appropriate procedural vehicle for determining the issue of legal capacity to sue.