### DILWORTH v. HUSKY.

No. 10925.

Court of Civil Appeals of Texas.
San Antonio.
March 19, 1941.

L. B. Cooper, of Cotulla, for appellant.

H. H. Schuenemann, of Kenedy, for appellee.

SMITH, Chief Justice.

This action was brought by Dallas Husky against J. C. Dilworth, Jr., to recover the amount of a promissory note for $500, with interest and attorney's fees. Husky recovered as prayed for, in a trial without a jury, and Dilworth has appealed upon two assignments of error.

In his first assignment of error appellant asserts that the overwhelming preponderance of the evidence showed that the note sued on was given in payment of a gambling debt, which rendered it null and void as being against public policy. Appellee testified quite positively that the note was given for money appellant borrowed from him, and not in consideration of a gambling debt. Other witnesses testified to facts tending to show, and to authorize a finding, that the note grew out of a gambling transaction, to wit, a game of dice. Appellant himself testified the note "was a settlement for what I owed in this dice game partly." The result was a conflict in evidence upon that issue. The trial judge resolved the conflict in favor of appellee. That finding is binding on this Court. We overrule appellant's first assignment of error.

Appellant contends in his second assignment of error that the court erred in receiving the note in evidence, and rendering judgment for appellee thereon, "because such instrument is not a lawful note and creates no liability upon the part of appellant to pay appellee a sum certain in money."

Copy of the note follows:

"Note
"$500.00 No. ———— Kenedy, Texas, Mar 9, 1938
"On or before Mar 9, 1939, for value received, I promise to pay to the order of Dallas Husky at First Nichols Nat Bank Kenedy, Tex ———— Dollars, as follows, to-wit: $———— cash, to be credited hereon and $———— on or before the ——— day of ———— 193— $———— on or before the ——— day of ———— 193—— and ———— . ————

until paid in full, with interest at 8% per annum after ———— until paid, together with reasonable attorney's fees if placed in the hands of an attorney for collection. It is further agreed that failure to pay any installment of this note when due shall at the option of the holder mature all installments. Each signer, endorser or surety hereby waives protest, notice of non-payment and diligence. This note is given as purchase money for ———— this day sold and delivered to ———— chattel mortgage of even date on the above described property.
"/s/ J. C. Dilworth, Jr."

It seems to be conceded that the note was given in settlement of an obligation (whatever its origin or nature) for the sum of $500, and it appears to be so from undisputed and conclusive evidence, and this testimony, together with the figures, $500, and the other recitals in the instrument certainly suffice to establish the amount of the obligation to be $500. Garrett v. Interstate Bank, 79 Tex. 133, 15 S.W. 224.

No question is raised as to the sufficiency of the pleadings to support the judgment, which must be affirmed.