Gloria Dahl AKIN, Petitioner,

v.

George L. DAHL, Respondent.

No. C–1868.

Supreme Court of Texas.

Oct. 5, 1983.

Rehearing Denied Nov. 23, 1983.

McDaniel and Travis, Samuel D. McDaniel, Austin, for petitioner.

Bickel and Case, Tom Case, Dallas, for respondent.

WALLACE, Justice.

This is a suit for collection of a promissory note. The court of appeals affirmed the judgment of the trial court that the note was due from the estate of the maker of the note and was not due until the maker's death. 645 S.W.2d 506. We reverse the holding of the court of appeals and render judgment for the payee under the note and hold that the note is presently due and owing.

George Dahl was, at all times pertinent to this appeal, the Trustee of the Lille E. Dahl Trust, whose beneficiaries include George Dahl, his daughter and son-in-law, Gloria Dahl Akin and Ted Akin, and the Akins' children and spouses. At various times prior to 1969, Mr. Dahl borrowed money from Gloria Akin, evidencing these loans with personal notes, and apparently borrowing from the same funds that he, as Trustee, distributed to the Akins from the Trust. In 1969, Mr. Dahl reached an agreement with the Akins, evidenced by a written instrument, wherein it was recited that,

> ... any balance of personal notes from George L. Dahl to Ted and Gloria Akin not assigned to the various entities would continue to be held by Gloria Akin as claims to be collected from the estate of George L. Dahl upon his demise. The personal notes of George L. Dahl are to be renewed annually, but shall not carry any interest except for the one note from George L. Dahl to Gloria Akin in the principal amount of $61,500.00 which originated in 1959 and 1960 and on which interest has been paid quarterly at the rate of six percent (6%) per annum since such date. Interest will continue to be paid quarterly on this note to Gloria Akin by George L. Dahl.

At issue in this appeal is a note for $274,702.26 payable to Mrs. Akin and executed on January 1, 1974, bearing an interest rate of 7.5%, and due on or before one year hence from its inception, or January 1, 1975. It is the contention of Mrs. Akin that the note was due and payable in full at all times subsequent to its due date, and as a consequence she is seeking the principal plus any unpaid accrued interest. Contrary to this position, it is the assertion of Mr. Dahl that the 1974 note must be read in light of the 1969 agreement between him and the Akins, and therefore the note is payable only from his estate upon his death. In this regard, Mr. Dahl urges that the

purpose of the 1974 note was to record Mr. Dahl's indebtedness to Gloria Akin, and to insure a certain income to the Akins, but that it did not evidence a debt maturing one year or less from its execution.

Texas law recognizes that conditional delivery, or delivery for a special purpose, is a valid defense to a suit for collection of a note. Section 3.306 of the Texas Business and Commerce Code reads in pertinent part:

§ 3.306. Rights of One Not Holder in Due Course

Unless he has the rights of a holder in due course any person takes the instrument subject to

. . . . .

(3) the defenses of want or failure of consideration, non-performance of any condition precedent, non-delivery, or delivery for a special purpose . . . .

This section of the Texas Business and Commerce Code is a recodification of the Negotiable Instruments Act and existing case law which allowed, "delivery upon a condition or for a special purpose only . . . always [to be] shown as between immediate parties." *Kuper v. Schmidt,* 161 Tex. 189, 338 S.W.2d 948, 952 (1960). However, when parol or extrinsic evidence is utilized to show delivery for a special purpose, or conditional delivery, this extrinsic evidence may not show a condition which adds to, subtracts from, or varies the terms of the note. *Id.; Helmke v. Prasifka,* 17 S.W.2d 463, 465 (Tex.Civ.App.—San Antonio 1929, writ ref'd). As the terms "conditional delivery" and "delivery for a special purpose" imply, the extrinsic evidence must show that the delivery or enforceability of the note itself is predicated on some act or event, and hence the proffered evidence must go to the enforceability of the entire note, not merely to its various terms. A two-step analysis is thusly required, and Mr. Dahl, in order to vary the terms of the 1974 note with the 1969 agreement, must prove two things: (1) the note was condi-

tionally delivered to Gloria Dahl or delivered to her for a special purpose, and (2) that condition or purpose goes to the enforceability of the note itself and not to its terms of payment.

Dahl urges that the note was delivered to Mrs. Dahl for the special purpose of evidencing an existing debt. We agree that the note evidenced an existing debt, however, that does not meet the "delivery for a special purpose" requirement set out above. Many promissory notes represent existing debts, but once the validity of the obligation is shown, the "delivery for a special purpose" exception may not be used as a means of offering parol evidence to vary the terms or conditions of payment. A more plausible argument, and one supported by testimony, is that the special purpose of the note was to provide additional income to the Akins through interest payments on the note. Nevertheless, this purpose fails the second step of our required analysis in that the proffered 1969 agreement varies the terms of the note, to-wit, the 1969 agreement paid interest on a portion of the principal and that principal was due upon the death of Mr. Dahl. The 1974 note, however, pays interest on the entire principal at a different rate and recites that the principal is due in one year or less. It is clear that the 1969 agreement will not be allowed to vary the terms of the 1974 note under the theory of conditional delivery or delivery for a special purpose.

We also reject the contention that the 1974 note was incomplete on its face and hence invalid, or that because it was incomplete on its face the 1969 agreement was necessary to give full meaning to the 1974 note.

For an instrument to be negotiable, it must be signed by the maker, contain an unconditional promise to pay a sum certain on demand or at a definite time, and be payable to order or to the bearer. Texas Business & Commerce Code, § 3.104(a). The 1974 note was blank in one place designated for the dollar amount of the note.

However, the note recited that it was a renewal of two notes of $213,202.26 and $61,500., was properly signed by George Dahl, and promised to pay Gloria Dahl on or before a certain date. The note also recited the total amount due, $274,702.26, in a blank designated for that purpose in the upper left hand corner of the note. In open court, Mrs. Akin filled in the amount due in the space designated for the dollar amount of the note and which had been left blank when the note was executed.

■ It is uncontroverted that the note was intended to establish an obligation of $274,702.26. For this reason, and because the note on its face recites this exact amount, though not in the proper location, we hold that the note was sufficient on its face to establish Mr. Dahl's obligation under it, and this obligation was not altered by the action of Mrs. Akin. See *Dilworth v. Husky,* 149 S.W.2d 269, 270 (Tex.Civ.App.—San Antonio 1941, no writ).

The judgment of the court of appeals is reversed and judgment rendered that Gloria Akin recover the principal amount of $274,-702.26 plus accrued unpaid interest, if any.

ROBERTSON, J., not sitting.