BASSETT V. AMERICAN NAT'L BANK

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-352-CV

VICTOR BASSETT AND MARK DREA APPELLANTS

V.

AMERICAN NATIONAL BANK APPELLEE

------------

FROM THE 30
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

OPINION

------------

In this case we must decide whether the trial court erred in granting summary judgment in favor of appellee American National Bank (ANB) as plaintiff in its suit to collect amounts due on a promissory note, and as defendant on appellants’ counterclaims for fraud and usury.  Because we hold that a fact issue exists on appellants’ affirmative defenses of failure of consideration and conditional delivery, we reverse the summary judgment as to ANB’s claims regarding enforcement of the note and remand that part of the case to the trial court.  But because we hold that summary judgment was proper as to appellants’ counterclaims, we affirm that part of the summary judgment.

Background Facts

Appellants Victor Bassett and Mark Drea operate a chain of pizza restaurants.  Sometime before August 2, 1999, they entered into negotiations with ANB to purchase a building owned by Robert Cook.  Cook was in default on a loan from ANB that was secured by the building.  

Cook operated a fast food chicken restaurant in the building, but he did not own the land on which the building was situated.  Instead, he leased the land from the owner of the adjacent shopping center.  The lease specifically stated that the premises were to be used as a “Golden Fried Chicken Restaurant and not otherwise.”  The lease also contained a provision prohibiting assignment without the landlord’s approval. 

On August 2, 1999, Bassett and Drea signed a promissory note and deed of trust with ANB.  The deed of trust purported to secure payment of the note with Bassett and Drea’s ownership interest in Cook’s building and leasehold.  However, Bassett and Drea never received any documents conveying any interest in the building or leasehold to them.  ANB applied the Bassett and Drea loan proceeds to Cook’s debt with ANB.

After executing the loan documents, Bassett and Drea learned that the shopping center owner refused to sign a lease agreement with them because their planned use of the building as a pizza restaurant would interfere with another tenant’s proposed pizza business.  When Bassett and Drea informed ANB, ANB told them that they were nevertheless still liable for the full amount of the promissory note. 

Bassett and Drea never made any payments on the promissory note, and ANB eventually filed suit to recover the full face amount of the note, plus interest and attorney’s fees.  Bassett and Drea pled affirmative defenses of failure of consideration, conditional delivery, fraudulent inducement, and usury.  They also counterclaimed for fraud and usury.

ANB filed a motion for summary judgment on its collection suit, claiming that it had proven its entitlement to recovery of principal and interest on the promissory note as a matter of law.  It also asked for summary judgment on Bassett and Drea’s counterclaims.  Bassett and Drea filed a motion for partial summary judgment contending that they established their failure of consideration defense as a matter of law.  The trial court denied Bassett and Drea’s motion and granted ANB’s motion as to all claims and parties, including Bassett and Drea’s counterclaims.

After finding out during discovery that Bassett and Drea claimed no ownership interest in the building, ANB sold it to a third party for $75,000, claiming it had an obligation to mitigate its damages on the Bassett and Drea note.  However, there is no evidence as to how ANB acquired title to the building.  The trial court’s summary judgment reduces ANB’s recovery on the note by $75,000. 

Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
S.W. Elec. Power Co., 
73 S.W.3d at 215;
 Rhone-Poulenc, Inc. v. Steel,
 997 S.W.2d 217, 223 (Tex. 1999); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.  
Rhone-Poulenc,
 997 S.W.2d at 223; 
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the movant's position will not be considered unless it is uncontroverted.  
Great Am.
, 391 S.W.2d at 47.  The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant’s cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff’s cause of action cannot be established.  
Elliott-Williams Co. v. Diaz
, 9 S.W.3d 801, 803 (Tex. 1999).  The defendant as movant must present summary judgment evidence that negates an element of the plaintiff’s claim.  
Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Id.

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties’ summary judgment evidence and determine all questions presented.  
Dow Chem. Co. v. Bright
, 89 S.W.3d 602, 605 (Tex. 2002).  The reviewing court should render the judgment that the trial court should have rendered.  
Id
.

Generally, the nonmovant must expressly present to the trial court any reasons for avoiding the movant’s right to summary judgment.  
McConnell,
 858 S.W.2d at 343.  No response is necessary, however, when the movant’s summary judgment proof is legally insufficient.  
Rhone-Poulenc,
 997 S.W.2d at 223; 
Clear Creek Basin,
 589 S.W.2d at 678.

A defendant relying on an affirmative defense in opposing a summary judgment must come forward with summary judgment evidence sufficient to raise an issue of material fact on each element of the defense.  
Parker v. Dodge
, 98 S.W.3d 297, 301 (Tex. App.—Houston [1st Dist.] 2003, no pet.).
  But a defendant seeking summary judgment on an affirmative defense is entitled to summary judgment only if the defendant conclusively proves all the elements of the affirmative defense.  
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999).  To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.  
Ryland Group, Inc. v. Hood
, 924 S.W.2d 120, 121 (Tex. 1996).

Analysis

In their first two issues, Bassett and Drea contend that the trial court erred in granting summary judgment because (1) they proved their affirmative defense of failure of consideration as a matter of law, or alternatively, they raised a fact issue on that affirmative defense and (2) they raised a fact issue on their defense of conditional delivery.  In their third issue, Bassett and Drea claim that the trial court erred in granting ANB summary judgment on their counterclaim for usury.

Failure of consideration

Failure of consideration occurs when, due to a supervening cause after an agreement has been reached, the promised performance fails.  
Parker
, 98 S.W.3d at 301.  “The defense of failure of consideration presupposes that there was a consideration for the note in the first instance, but that it later failed.”  
Wooldridge v. Groos Nat’l Bank
, 603 S.W.2d 335, 341 (Tex. App.—Waco 1980, no writ) (quoting 
Nat’l Bank of Commerce v. Williams
, 125 Tex. 619, 84 S.W.2d 691, 692 (1935)).  The defense of failure of consideration defeats summary judgment if the nonmovant presents evidence that it did not receive the consideration set forth in the agreement.  
Parker
, 98 S.W.3d at 301.  

As summary judgment evidence, Bassett and Drea presented Bassett’s affidavit stating that

[o]n the date that [they] signed the loan documents, [they] received neither a check for the proceeds of the loan, as specified in the written payment directions prepared by ANB, nor any document which would convey to [them] an interest in the building and leasehold, nor have [they] received the proceeds of the loan or appropriate documents of conveyance since that date. 

They also presented disbursement instructions for the loan funds dated August 2, 1999.  One of the line items shows $110,000 as “Proceeds Paid Directly to Customer.”  But the document does not define “Customer,” and  Bassett and Drea are identified in the document only as “Borrower.” 

Also included in the summary judgment evidence are excerpts from the deposition of Johnny Clark, the bank officer who handled the transaction for ANB.  Clark testified that he did not know if Bassett and Drea received a check for $110,000 that was then credited to Cook or if the $110,000 was simply credited to Cook as a ledger transaction, without any payment being made directly to Bassett and Drea.  But in an affidavit attached to ANB’s summary judgment motion, Clark stated, “Upon execution of the note, the proceeds were distributed to the borrowers and immediately applied to the outstanding $110,000 debt of . . . Cook.”

The promissory note states that “[f]or value received, Borrower [defined as Bassett and Drea] promises to pay to the order of Lender” $110,000.  Bassett’s affidavit testimony that he and Drea did not receive payment of the $110,000 as stated in the promissory note is sufficient to raise a fact issue on the affirmative defense of failure of consideration.  
See Wilson & Wilson Tax Servs., Inc., v. Mohammed
, 131 S.W.3d 231, 242 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  However, because ANB presented evidence that the loan proceeds were first “distributed to the borrowers,” Bassett and Drea did not conclusively prove their affirmative defense as a matter of law.

ANB contends that Bassett and Drea knew and agreed that the loan proceeds would be used to pay off Cook’s loan and would not be paid directly to Bassett and Drea.  As summary judgment evidence, ANB attached excerpts from Bassett’s and Drea’s depositions, in which both admitted that their understanding of the transaction was that the loan proceeds would be used to pay off Cook’s note.  Bassett and Drea contend that ANB’s evidence only tells half the story; the full story is that they understood Cook’s loan would be paid off so that they could obtain his title to the building and an assignment of the lease. 

None of this evidence may be considered, however, in connection with Bassett and Drea’s failure of consideration affirmative defense.  In connection with that affirmative defense, parol evidence may not be considered to show that the consideration is anything other than what is set forth in the agreement.  
See
 
Tex. Bus. & Com. Code Ann.
 § 26.02(c) (Vernon 2002); 
Wooldridge
, 603 S.W.2d at 341; 
Aetna Cas. & Surety Co. v. Watson
, 476 S.W.2d 868, 869 (Tex. Civ. App.—Houston [1st Dist.] 1972, no writ).  We have already determined that Bassett and Drea presented evidence raising a fact issue as to whether they received the consideration actually recited in the note.

We sustain Bassett and Drea’s first issue to the extent that it contends they raised a fact issue on their affirmative defense of failure of consideration but overrule it to the extent they contend that they proved the affirmative defense as a matter of law.

Conditional Delivery

Bassett and Drea further contend that they raised a fact issue on their affirmative defense of conditional delivery.  They contend that the parties agreed the note would not be effective unless and until they received ownership of the building and an assignment of Cook’s leasehold interest.  Conditional delivery, or delivery for a special purpose, is a valid defense to a suit for collection of a promissory note.  
Akin v. Dahl
, 661 S.W.2d 914, 916 (Tex. 1983).  Parol evidence may be introduced to show that a note is not enforceable because the special purpose for, or condition upon, which it was delivered did not occur.  
Id
.  But parol evidence may not be introduced to vary the terms of the note.  
Id
.  Whether a note was delivered conditionally or for a special purpose is a question of the intent of the parties.  
Northrup v. First Nat’l Bank in Canyon
, 467 S.W.2d 666, 667 (Tex. Civ. App.—Amarillo 1971, writ ref’d n.r.e.).  

ANB contends that Bassett and Drea are prohibited from introducing evidence of conditional delivery by business and commerce code section 26.02(c).  
Tex. Bus. & Com. Code Ann.
 § 26.02(c).  But that section is merely a codification of the parol evidence rule with respect to promissory notes over $50,000.  
Compare id
. (providing that rights and obligations of parties to promissory note exceeding $50,000 are “determined solely from the written loan agreement, and any prior oral agreements between the parties are superseded by and merged into the loan agreement”) 
with Zipp Indus., Inc. v. Ranger Ins. Co.
, 39 S.W.3d 658, 665 (Tex. App.—Amarillo 2001, no pet.) (stating that parol evidence rule “is a substantive rule of law which precludes the enforcement of inconsistent prior or contemporaneous agreements upon the execution of a valid integrated agreement with respect to a particular matter”).  Because parol evidence may be introduced to show conditional delivery affecting enforceability of a promissory note, section 26.02 does not bar its admission.

Here, Bassett and Drea contend that it was their understanding—and that Clark promised them—that the note would not become effective until the building had been conveyed to them and they obtained a leasehold interest in the underlying real property.  The summary judgment evidence includes Bassett’s affidavit, in which he states that ANB knew that building was subject to a lease of the underlying real property and that the parties understood the loan transaction would not be effective unless Bassett and Drea could obtain 

a lease on the real property.  In addition, the summary judgment evidence contains a copy of the deed of trust that Bassett and Drea signed on August 2, 1999.  The security described in the deed of trust is “[a]ll of [Bassett and Drea’s] interest in and to 
the leasehold interest
 and building described on Exhibit ‘A’ attached hereto and made a part hereof.”  [Emphasis added.]  Thus, ANB’s deed of trust appears to contemplate that Bassett and Drea would obtain a leasehold interest in the real property if they had not already done so.  Bassett and Drea’s summary judgment evidence is therefore sufficient to raise a fact issue on their affirmative defense of conditional delivery.

Because Bassett and Drea raised a genuine issue of material fact on their affirmative defense of conditional delivery, we sustain their second issue.

Usury

Bassett and Drea also contend that the summary judgment evidence raises a fact issue on their counterclaim that ANB is attempting to charge usurious interest.  They claim that interest charged on loan amounts not actually advanced to the borrower is usurious.  
See First State Bank of Bedford v. Miller
, 563 S.W.2d 572, 575 (Tex. 1978).  They do not claim that the note is usurious on its face.

We hold that the trial court properly granted summary judgment on Bassett and Drea’s usury counterclaim.  If Bassett and Drea prevail at trial on either of their affirmative defenses, the note will be unenforceable; thus, they will not be liable for any interest.  If they lose on their affirmative defenses, then the fact finder will have impliedly rejected the theory that they did not receive the loan proceeds; therefore, their usury claim would also fail.  We overrule Bassett and Drea’s third issue.

Conclusion

Having determined that Bassett and Drea raised genuine issues of material fact on their affirmative defenses of failure of consideration and conditional delivery, we reverse the part of the summary judgment awarding ANB damages on its claim for enforcement of the promissory note and remand those claims for trial.  Having determined that the trial court did not err in granting summary 

judgment on Bassett and Drea’s usury counterclaim, we affirm the portion of the summary judgment as to Bassett and Drea’s counterclaims.
(footnote: 1) 

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DELIVERED: August 24, 2004

FOOTNOTES
1:
Bassett and Drea did not challenge the summary judgment on their fraud counterclaim.