# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00805-CV

**Elness Swenson Graham Architects, Inc. and Mark Swenson, Appellants**

**v.**

**RLJ II-C Austin Air, LP; RLJ II-C Austin Air Lessee, LP; and RLJ Lodging Fund II Acquisitions, LLC, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-10-002325, HONORABLE JEFF L. ROSE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Elness Swenson Graham Architects, Inc. and Mark Swenson (collectively "ESG"), a defendant architecture firm and architect, bring this interlocutory appeal from the district court's denial of their motion to dismiss the suit brought against them by RLJ II-C Austin Air, LP, RLJ II-C Austin Air Lessee, LP, and RLJ Lodging Fund II Acquisitions, LLC (collectively "RLJ"). ESG contends that the "certificate of merit" filed by RLJ did not comply with section 150.002 of the civil practice and remedies code and, as a result, that the district court abused its discretion by denying its motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West Supp. 2010). We will affirm.

**BACKGROUND**

RLJ bought the Courtyard Austin Airport Hotel (the "Hotel") from a developer. After taking possession of the Hotel in December 2007, RLJ claims to have noticed property damage, including foundation movement, a cracked swimming pool, cracks in the slab and grade, shifting door frames, cracks in partition walls, and problems with drainage at the building's perimeter. In July 2010, RLJ brought causes of action for breach of contract, negligence, and negligent misrepresentation against ESG arising out of ESG's performance as the project architect during construction of the Hotel.[1] RLJ alleged that ESG was negligent in its provision of design plans and administration of the Hotel's construction and made false representations regarding the sufficiency of the architectural design and drawings. RLJ attached a certificate of merit to its original petition as required by civil practice and remedies code section 150.002. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a) (providing that in any action for damages arising out of provision of professional services by licensed architect, plaintiff is required to file, with complaint, affidavit of third-party licensed architect). RLJ's certificate of merit consisted of the affidavit of John V. Nyfeler. ESG filed a motion to dismiss pursuant to section 150.002(e) asserting that Nyfeler's affidavit did not satisfy the requirements of section 150.002(a) and (b). *See id.* § 150.002(e) ("The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant."). The trial court denied the motion to dismiss, and ESG appeals the trial court's order. *See id.* § 150.002(f) ("An order granting or denying a motion for dismissal is immediately appealable

---

[1] RLJ also brought claims against the general contractor, the geotechnical consultant, and the structural engineer. RLJ alleged that it had purchased any warranties and rights related to the construction of the Hotel.

as an interlocutory order."). In three issues, ESG complains that the trial court abused its discretion in denying the motion to dismiss.

**STANDARD OF REVIEW**

We review a trial court's order denying a motion to dismiss pursuant to section 150.002 under an abuse-of-discretion standard. *Natex v. Paris Indep. Sch. Dist.*, 326 S.W.3d 728, 732 (Tex. App.—Texarkana 2010, pet. filed); *Benchmark Eng'g Corp. v. Sam Houston Race Park*, 316 S.W.3d 41, 44 (Tex. App.—Houston [14th Dist.] 2010, pet. dism'd by agr.). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), and reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 780, 800 (Tex. 2002). The trial court has "no 'discretion' in determining what the law is or applying the law to the facts," *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992), and therefore abuses its discretion if it misinterprets or misapplies the law. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008); *Walker*, 827 S.W.2d at 840.

We review matters of statutory construction de novo. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). In construing statutes, our primary goal is to determine and give effect to the legislature's intent. *Id.* When the statutory text is unambiguous, we adopt a construction supported by the statute's plain language, unless that construction would lead to an absurd result. *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999). Once we determine the statute's proper construction, we then decide whether the trial court abused its

discretion in applying the statute. *Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 397 (Tex. App.—Beaumont 2008, no pet.).

### Was the Affiant Qualified?

In its first issue, ESG contends that the district court abused its discretion in denying ESG's motion to dismiss because Nyfeler's affidavit does not demonstrate that he has the statutorily required qualifications to provide a certificate of merit in this case. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). Specifically, ESG claims that Nyfeler's affidavit fails to establish that (i) he is knowledgeable in the area of practice of ESG, *see id.* § 150.002(a)(3); (ii) his testimony is based on his knowledge, skill, experience, education, training, and practice, *see id.* § 150.002(a)(3)(A)-(F); or (iii) he is actively engaged in the practice of architecture, *see id.* § 150.002(b). With regard to his qualifications, Nyfeler's affidavit states:

> I am President of The Nyfeler Organization, Inc. d/b/a John Nyfeler, FAIA and have worked in that capacity since February 1, 2010. For the previous ten years, I worked for Aguirre Roden, Inc., a Texas based architect, engineer firm, in the capacity of Senior Vice President. I have been a registered architect in the State of Texas since 1970.

In its pleadings, RLJ alleged that ESG "was the Project architect," "signed and sealed the architectural plans and drawings for the Project," and provided "overall Architecture, Civil, and Structural Engineering design, documentation and coordination for the Project." Thus, ESG's "area of practice" is general and involves preparing and reviewing architectural drawings and coordinating various aspects of the project. In his affidavit, Nyfeler states that he has been a registered architect in Texas for forty years. He was the senior vice president of a Texas-based architecture and engineering firm

4

for ten years and currently manages his own architectural practice, John Nyfeler FAIA.[2] This information indicates that Nyfeler has met the educational and licensing requirements of a Texas architect, that he has extensive practical experience gained through many years of working as an architect, and that his own profession has recognized him as an accomplished architect. Although Nyfeler does not specifically state that he is knowledgeable in the same area of practice of ESG, such specific and precise language is not required when it is evident from the affidavit that the requirement has been met. The statute does not require the affiant to *state* that he is knowledgeable in the same area of practice of the defendant, but rather that he *be* knowledgeable in that area. *See Natex Corp.*, 326 S.W.3d at 735 n.5 (although statute requires affidavit to be made only by certain qualified persons, it is not required that affidavit set out those qualifications). The trial court did not abuse its discretion in concluding that Nyfeler's affidavit establishes that he is "knowledgeable in the area of practice" of ESG, i.e., providing architectural plans and drawings, design, documentation, and coordination for the construction of a building.

In his affidavit, Nyfeler states that he reviewed the construction documents for the building in question and that those documents, along with his observations and inspections of the site, form the factual bases of his opinion. The affidavit details the various ways in which Nyfeler believes ESG failed to follow the recommendations in an engineering study and his opinion that these omissions caused or contributed to physical damage to the building. This testimony is plainly based

---

[2] The designation "FAIA" stands for "Fellow of the American Institute of Architects" and is an honor bestowed upon fewer than two percent of architects in the United States. *See Dahl v. Akin*, 645 S.W.2d 506, 520 (Tex. App.—Amarillo 1982), *rev'd on other grounds*, 661 S.W.2d 914 (Tex. 1983). At the hearing on the motion to dismiss, counsel for ESG explained that FAIA is an "architectural designation."

on Nyfeler's knowledge, skill, experience, education, training, and practice as an architect. In forming his opinions, Nyfeler was required to read the architectural plans and specifications, assess whether ESG complied with its duties to coordinate various professional consultants, and understand issues related to elevation, drainage, and foundations. The statute does not expressly require the affiant to recite that his testimony is based on his knowledge, skill, experience, education, training, and practice when the substance of the affidavit demonstrates that it is. *See id.* (statute does not require that affidavit slavishly track its words). The trial court did not abuse its discretion in concluding that Nyfeler's opinions were based on his professional experience, knowledge, and training.

Section 150.002(b) requires the affiant to be "licensed or registered in this state and actively engaged in the practice of architecture." *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b). Nyfeler's affidavit states that he is the "President of The Nyfeler Organization, Inc. d/b/a John Nyfeler FAIA" and that he has "worked in that capacity since February 2010." It is reasonable to infer from this statement that, at the time he signed the affidavit in June 2010, Nyfeler was still doing business as John Nyfeler FAIA and therefore actively engaged in the practice of architecture. Moreover, civil practice and remedies code section 150.001 provides that the "practice of architecture" has the meaning assigned by occupations code section 1051.001, which includes "consulting, investigating, and analyzing the design, form, aesthetics, materials, and construction technology used for the construction, enlargement, or alteration of a building or environs and providing expert opinion and testimony as necessary." Tex. Occ. Code Ann. § 1051.001(7)(A) (West Supp. 2010). In his affidavit, Nyfeler states that he "reviewed the construction documents for

6

the referenced building project," "examined the building," and "made inspections of the construction." In preparing and signing the affidavit, Nyfeler provided expert opinion and testimony. These activities sufficiently demonstrate that Nyfeler was actively engaged in the practice of architecture under the definition set forth in section 1051.001. *See id.*

The trial court did not abuse its discretion in concluding that Nyfeler's affidavit demonstrated that he was qualified to provide the certificate of merit. We overrule ESG's first issue.

### Is the Affidavit Sufficient?

In its second issue, ESG asserts that the certificate of merit is deficient because Nyfeler's affidavit does not expressly state the applicable standard of care. Section 150.002 requires that the certificate of merit:

> *set forth specifically* for each theory of recovery for which damages are sought, *the negligence, if any, or other action, error, or omission* of the licensed or registered professional in providing the professional services, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

*See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b) (emphasis added). ESG contends that this provision impliedly requires the affiant to recite the standard of care that applies to each act of professional negligence identified in the affidavit.

Whether the statute requires the affiant to expressly state the applicable standard of care is a question of law, which we review de novo. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) (statutory construction presents question of law reviewed de novo). Our primary intent in construing statutes is to give effect to the legislature's intent. *Galbraith Eng'g Consultants, Inc.*

7

*v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We presume that every word of a statute was used for a purpose and that every word excluded from a statute was excluded for a reason. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). Section 150.002 does not expressly require that the affiant state the applicable standard of care; rather, it requires only that the affiant set forth "the negligence, if any, or other action, error or omission" of the licensed or registered professional. *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6) (West Supp. 2010) (requiring that health care liability claimant serve written report by expert that summarizes expert's opinions "regarding applicable standards of care, the manner in which the care . . . failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed"). The legislature has amended section 150.002 three times since it was enacted in 2003 and has not incorporated a specific "standard of care" requirement for certificates of merit in any of those amendments. *See Benchmark Eng'g*, 316 S.W.3d at 45-46 (observing same). Moreover, negligence is, by definition, conduct that falls below the applicable standard of care. By averring that the licensed or registered professional's conduct is "negligent," the affiant is necessarily opining that the complained-of conduct did not meet the applicable standard of care. Such an opinion suffices to fulfill the certificate's purpose of providing a basis for the trial court to conclude whether the plaintiff's claims have merit. *See Criterium-Farrell Eng'rs*, 248 S.W.3d at 399-400 (certificate of merit that identifies negligent conduct necessarily addresses applicable standard of care and defendant's failure to meet that standard).

Having determined the statute's proper construction, we next consider whether the district court abused its discretion in applying the statute. *Id.* at 397. In his affidavit, Nyfeler stated

that, in his professional opinion, ESG's "acts, errors and omissions deviated from the appropriate standard of care," i.e., were negligent. Nyfeler's affidavit further identifies a number of ways in which ESG deviated from the standard of care by, for example, (1) failing to advise the geotechnical consultant of the final finished floor elevations, (2) failing to provide effective drainage around the building, (3) failing to design a recommended wall drain, and (4) failing to specify backfill of cohesive (clay) soil around the building to control surface water percolation. Nyfeler states that these and other failings on ESG's part "caused or contributed to the physical damage to the building." Nyfeler's affidavit sets forth ESG's alleged negligence by specifically identifying the various actions, errors, and omissions that, in his opinion, deviated from the applicable standard of care and caused the harm for which RLJ seeks damages. We hold that the trial court did not abuse its discretion in denying ESG's motion to dismiss on this basis. We overrule ESG's second issue.

### Did the Trial Court Consider Information Not Included in the Certificate of Merit?

In its third issue, ESG contends that, because Nyfeler's affidavit does not establish that he was actively engaged in the practice of architecture, the trial court's denial of the motion to dismiss was necessarily based on consideration of information not included in the four corners of the affidavit; specifically, ESG points to a document attached to RLJ's response to the motion to dismiss that purported to show that Nyfeler was a current member of a state architectural association. ESG asserts that the trial court abused its discretion by considering information outside the four corners of the certificate of merit and relying on that information to conclude that the certificate of merit met the statutory requirements of section 150.002. RLJ counters that the document is a state agency record and therefore both this Court and the trial court are authorized to take judicial notice of it. We

9

have already concluded that the Nyfeler affidavit itself sufficiently demonstrated that he was actively engaged in the practice of architecture. Therefore, we need not decide whether, assuming RLJ is correct that the information is susceptible to judicial notice, the trial court could consider such information when it is not included in the four corners of the affidavit. The trial court was provided with sufficient information within the four corners of the certificate of merit itself to make the factual determination that Nyfeler was actively engaged in the practice of architecture. We overrule ESG's third issue.

## CONCLUSION

We conclude that the trial court's denial of ESG's motion to dismiss was not unreasonable, arbitrary, or without reference to any guiding rules or principles. Therefore, the trial court did not abuse its discretion in finding Nyfeler to be a qualified affiant under section 150.002(a) and in finding that the certificate of merit complied with the statutory requirements of section 105.002(b). We affirm the trial court's order denying ESG's motion to dismiss.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: April 20, 2011

10